Teucher & English v. Hiatt *et al.*

1. Redemption: COMPUTATION OF TIME. In computing the time of redemption of real estate from execution sale under our statute, the *first*, or day of sale, is to be excluded, and the right of redemption exists during and until the last moment of the same day of the succeeding year. And it seems that this is the uniform method of computation in this country.

2. —— PRINCIPAL AND AGENT: SUB-AGENT. A redemption of real estate from execution sale, effected by a sub-agent appointed by the agent, instead of by the agent himself, is valid if the act is afterward ratified by the principal.

*Appeal from Lee District Court.*

WEDNESDAY, JANUARY 22, 1868.

Action to foreclose a mortgage. Ruth Hiatt executed a mortgage upon certain real estate in Lee county,

to secure a note for $925, payable to E. P. Martin; which note the plaintiffs own. There were certain judgments against Ruth Hiatt's grantors, which were liens upon the real estate at the time of conveyance thereof to her. On the 28th day of January, 1860, said real estate was sold under execution to satisfy said judgments. One Alexander Stewart became the purchaser at the sale, and took from the sheriff a certificate of purchase, which he shortly thereafter assigned to the defendant William Stewart.

On the 28th day of January, 1861, Wm. Stewart obtained from the sheriff a deed to him, as assignee of the certificate of purchase, for the said real estate, and he filed said deed for record, in the proper office, at 10 o'clock A. M. of that day. At three o'clock and forty minutes P. M. of the same day, the clerk made the following record entry in the proper book in his office, to wit: "January 28, 1861, 3 o'clock and 40 minutes P. M. At this hour Frank Semple, Esq., appeared in my office and produced a power of attorney from Ruth Hiatt by her agent, E. Ratliff, authorizing him to redeem the above described parcel of land, which he did, by paying to me the sum of fifty-two dollars and ten cents, that being the amount for which said land sold, and ten per cent interest to date. The power of attorney above referred to is hereto attached. ERIE J. LEECH, Clerk, etc." The power of attorney was dated January 26, 1861, and described the judgments, execution, levy and sale, and stated, that having bought the interest of the judgment debtor, and having the right to redeem, she authorized F. Semple to do the same for her, and was signed, "Ruth Hiatt, by E. Ratliff, agent."

The District Court *held*, that the redemption was in time, and that it was well made by F. Semple. William

Stewart excepted to this ruling, and now appeals and assigns the same for error.

*Casey & Hollman* for the appellant.

*D. F. Miller* and *Cook & Drury* for appellees.

Cole, J.—I. At the common law, the rule as to computation of time was not uniform. In certain cases, the day 1. Redemp-      of the act done, or happening of the event
TION: compu-
tation of time. was *included ;* as where a sheriff was not to be called upon to return process after six months from the expiration of his office (*King* v. *Adderly*, Doug. 463, 2d ed.); in computing time from an act of bankruptcy; in the limitation of actions against the hundred upon the statute of *hue and cry ;* to prevent a descent from barring an entry (Co. Litt. 255, a) etc.  But the more general rule was to exclude the day, although each case was made to depend upon the reason of the thing, according to its circumstances. *Lester* v. *Garland*, 15 Vesey, 248. The American cases almost uniformly exclude the first day. *Bigelow* v. *Willson*, 1 Pick. 485; *Sims* v. *Hampton*, 1 Serg. and Rawle, 411; *Rand* v. *Rand*, 3 N. Hamp. 267; *Priest* v. *Tarlton*, Id. 93; *Windser* v. *China*, 4 Greenl. 304; *Pease* v. *Norton*, 6 Id. 233; *Wheeler* v. *Bent*, 4 Pick. 167; *Synder* v. *Warren*, 2 Cowen, 518; *Ex parte Dean*, Id. 605; *Henry* v. *Jones*, 8 Mass. 453; *Portland Bank* v. *Maine Bank*, 11 Id. 205; *Hoffman* v. *Duel*, 5 Johns. 232; *Gillespie* v. *White*, 16 Id. 117.

But, in our State, the manner of computing time has been regulated by statute (Code of 1851).  "Sec. 2513. The mode of computing time is by excluding the first day and including the last, unless otherwise expressed." Rev. 1860.  "Sec. 4121. Unless the terms, 'clear days,'

are used, the mode of computing time is by excluding the first day and including the last."

This last provision took effect September 1, 1860. The provision as to redemption is as follows: "SEC. 3331 (1925). At the time of the sale, the sheriff shall give to the purchaser a certificate, * * * stating, that, unless redemption is made *within one year thereafter*, * * * he will be entitled to a deed. SEC. 3332 (1926). The defendant may redeem such property at any time *within one year* from the day of sale."

Under the Code of 1851, or the Revision of 1860, we are clear in the opinion, that the *first*, or day of sale, is to be excluded, and that the right of redemption, therefore, existed during the whole of the same day of the succeeding year. The sale being made on the 28th day of January, 1860, the right to redeem continued until the last moment of the 28th day of January, 1861. The redemption in this case was, therefore, in due time.

II. As to the right of F. Semple to make the redemption. While it is true, as stated by counsel for appellant, 2. —— principle and agent: sub-agent. that "agency is generally a personal trust and confidence which cannot be delegated," yet there is nothing in this case to show but that the agent Ratliff was authorized to effect the redemption through a a sub-agent. The ratification of the act of the sub-agent would tend to show that this was so. However this may be, the redemption effected by such sub-agent, under color of authority, and whose act was ratified by the principal, is good and sufficient as against the defendant Stewart. Blackwell on Tax Titles, 501, 504 and 505, and authorities cited.

Affirmed.