ANNA BOHLES, PLAINTIFF-APPELLEE, v. THE PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA, DEFEND-
ANT-APPELLANT.

Argued November 26, 1912—Decided March 3, 1913.

1. In a policy of life insurance providing that "a grace of one
   month will be allowed" for the payment of premiums, the word
   "month" means a calendar month.
2. Where a premium was due on a life insurance policy on June
   30th, and by the terms of the policy a grace of one month was
   allowed for its payment, the last day of grace fell on July 31st,
   which was Sunday, and the insured had the first day there-
   after upon which business could be lawfully transacted, which
   was Monday, August 1st, on which to pay the same.
3. So far as fair construction of the language used will permit, the
   conditions and provisions of a policy of life insurance with ref-
   erence to forfeiture should be strictly construed in favor of the
   insured and against the company.
4. The unconditional acceptance by the company of a premium on
   a life insurance policy is a waiver of forfeiture on account of
   a default in not paying the premium in due time.
5. When it is open to the jury to find that a life insurance premium
   was paid to the company in due time, and that three weeks after-
   wards the company insisted upon returning it to the beneficiary,
   who strenuously objected to receiving it, and insisted upon the
   company's keeping it, the questions whether it was received with-
   out assenting to the right of the company to return it, and
   whether its return operated as a forfeiture of the policy, are
   for the jury.
6. Where a life insurance company issues several policies on the
   life of the insured and none of them require separate proof of
   death of the insured, such proof of death made to the company
   under one of them suffices to make the policy under which no
   such proof had been made actionable.
7. The act of the company in denying liability under a life insur-
   ance policy upon the ground that there had been a forfeiture
   because of failure to pay the premium, is a waiver of the con-
   dition as to furnishing proof of death.

Action at law. On appeal from a judgment of the Su-
preme Court, whose opinion is reported in 54 *Vroom* 246.

For the appellant, *Edward D. Duffield.*

For the appellee, *Samuel Kalisch, Jr.,* and *Samuel Press.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal pursuant to "the Practice act (1912)," from a judgment of the Supreme Court reversing a judgment of nonsuit in an action at law, in the Essex Circuit, on a policy of life insurance.

The policy was issued by the defendant company December 30th, 1902, on the life of the husband of the plaintiff, the beneficiary.

The defence was that the policy lapsed for non-payment of the premiums.   The premiums were payable "quarter-annually."   A quarterly premium became due June 30th, 1904. The policy provided that "a grace of one month will be allowed, during which time the policy will remain in force."

The learned trial judge granted the nonsuit upon the theory that it conclusively appeared from the evidence that the premium due June 30th, 1904, had not been paid within the grace period of one month allowed by the policy contract.

We are of the opinion that the Supreme Court properly held that such nonsuit was erroneous.

The word "month," as there used, means a calendar month. 38 *Cyc.* 312.

Since the premium was due June 30th, the month of July was the period of grace to which the insured was entitled. The last day of grace, therefore, was July 31st.   That day was Sunday.   The company afforded no opportunity to pay on that day and the insured was therefore entitled to pay the premium on the first day thereafter upon which business could be lawfully transacted, which was Monday, August 1st.   So to hold is to put this case in accord with the great weight of authority (*Serrell* v. *Rothstein,* 4 *Dick. Ch. Rep.* 385), and is consistent with the well-settled rule that, so far as fair construction of the language used will permit, the conditions and provisions of a policy with reference to forfeiture should be strictly construed in favor of the insured and against the company.   *State Insurance Co.* v. *Maackens,* 9 *Vroom* 564.

The defendant insists that, while a month means a calendar month, it runs from the day in one month to the corresponding day in the ensuing month; and refers to cases of prom-

issory notes and the like. That contention ignores this plain distinction, where a note or obligation is due one month from date, the computation is necessarily made by counting the day of the date, and that of course makes the month end on the corresponding day of the ensuing month. But where the provision is, as here, that a grace of one month will be allowed, the month starts with the day following that on which the premium became due. Any other construction would give less than a month's grace.

Now, the evidence in the present case would have justified the jury in finding that the premium due June 30th, 1904, was paid to the company on Monday, August 1st, 1904, and that, as we have seen, was in time, in view of the provision of the contract as to the period of grace.

No doubt it was also open to the jury to find that the premium in question was paid after August 1st, 1904, and in that case the question of waiver of seasonable payment would then arise. Because, whether the company was bound to receive the money or not, it did in fact receive it, and retained it for three weeks, giving some receipt of an "unusual color." Possibly that may have amounted to a conditional receipt of the money, but there is no evidence on that point. The company retained the money for three weeks and then returned it. The rule of law is that an unconditional acceptance of the premium would constitute a waiver of the default. 25 *Cyc.* 871. In the present case there was presented by the evidence a jury question whether, by the receipt of the money, the company had not waived forfeiture growing out of the delay in payment.

It follows, therefore, that the nonsuit cannot be justified upon the ground upon which it was based by the trial judge.

Nor do we think that it can be sustained upon any other ground.

The defendant company insists that the plaintiff, who was the beneficiary and the person who made the payment in question, assented to the forfeiture of the policy by receiving back the premium and giving up her receipt for it. Perhaps so,

but according to her evidence she strenuously objected to receiving the money and insisted on the company's keeping it. We think it was therefore clearly open to the jury to find that she received it without assenting to the right of the company to return it to her, or to its operating as a forfeiture.

The defendant also contends that the nonsuit may be sustained because of the plaintiff's failure to present to the company proof of the death of the insured under this particular policy. We think not. By the terms of the policy it was payable "immediately upon acceptance of satisfactory proof of the death of the insured during the continuance of this policy." It is admitted by the defendant that the plaintiff made and the company accepted proper proof of the death of the insured under two other policies which were paid. It is also admitted that the insured in those policies under which proof was made was the insured in the policy in suit. Since none of the policies required separate proof of death, we think the proof of death given under any one of them was sufficient. *Girard Life Insurance Co.* v. *Mutual Life Insurance Co.,* 97 *Pa. St.* 15.

Moreover, the company denied liability under the policy in suit upon the ground that there had been a forfeiture because of failure to pay the premium. That, we think, was a waiver of the condition as to furnishing of proof of death, for it was an indication to the insured that the furnishing of proofs would be useless.

The judgment of the Supreme Court, reversing the judgment in the Circuit, will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ.  9.

*For reversal*—None.