NATIONAL COUNCIL OF KNIGHTS AND LADIES OF
SECURITY *v.* RUDLER.

[No. 9,683.  Filed January 10, 1919.]

INSURANCE.—*Payment of Premiums.—Time.—Forfeiture.*—Though the by-laws of the insurer, a mutual benefit association, provided that all rights of the insured should become forfeited on the

failure of the latter to pay monthly assessments on or before the last day of the month, where the last day of a month was Sunday, a payment of the assessment therefor on the first day of the succeeding month was "in time" within the meaning of the policy and the by-laws; and especially is this true where there is no showing that the insured made provision for the payment of assessments on Sunday, or that *time* was made by the by-laws "of the essence of the contract" of insurance.

From Marion Superior Court; *T. J. Moll*, Judge.

Action by Marie E. Rudler against the National Council of Knights and Ladies of Security. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*J. E. Martin*, for appellant.

*Charles T. Hanna* and *Thomas A. Daily*, for appellee.

Enloe, J.—This is an action upon a beneficiary certificate brought by the appellee, Marie E. Rudler, in which she seeks to recover judgment against the appellant for money which she claims to be due her as the beneficiary named in said certificate.

The original amended complaint was in three paragraphs to which were afterward added three additional paragraphs. Appellant filed separate and several demurrers to each of these six paragraphs of complaint. Appellant's demurrer was sustained as to the third and sixth paragraphs of such amended complaint and overruled as to the first, second, fourth and fifth paragraphs thereof. To these four paragraphs of complaint the appellant answers in two paragraphs. To which two paragraphs of answer appellee successfully demurred. Appellee then by leave of court dismissed her first and fourth paragraphs of amended complaint, leaving the second and

fifth paragraphs thereof, upon which the cause should be tried. Appellant was then ruled to plead or answer over as to said second and fifth paragraphs of amended complaint, but refused so to plead or answer over and elected to stand on his said paragraphs of answer and each of them. The court thereupon rendered judgment on the pleadings in favor of appellee for the sum of $738.88 with costs. From which judgment this appeal has been duly prosecuted.

The appellant has assigned for error in this court: (1) The amended complaint of appellee does not state facts sufficient to constitute a cause of action against appellant; (2) the court erred in overruling the demurrer of appellant to the second paragraph of the amended complaint of appellee; (3) the court erred in overruling the demurrer of appellant to the fifth additional paragraph of the amended complaint of appellee; (4) the court erred in sustaining the demurrer of appellee to the first paragraph of the answer of appellant; (5) the court erred in sustaining the demurrer of appellee to the second paragraph of the answer of appellant.

Each and all of the errors assigned in this case center around one single question, to wit: Where the last day for payment of insurance premiums or assessments falls on a Sunday, is a payment thereof on the following Monday in time to prevent a forfeiture of the policy? If this question is answered in the affirmative it then follows that the several paragraphs of complaint in question were good, and it also follows from such answer that the trial court ruled correctly in sustaining demurrers to appellant's two paragraphs of answer herein.

We have been unable to find any Indiana cases de-

ciding this particular question, but the question has had consideration from numerous other courts of last resort.

The complaint by its averments alleges: "That on the 16th day of January, 1913, one Theodore J. Rudler became a beneficiary member of the order of the National Council of the Knights and Ladies of Security, at the city of Indianapolis, and continued as such beneficiary member until his death on the second day of December, 1913," and alleges that he was at all times in good standing, entitled to all the benefits and privileges appertaining and incident to such membership. That said Theodore J. Rudler at all times performed all the duties incumbent upon him as such member and paid all dues and assessments as provided in and by the laws, rules and regulations of said court and has otherwise complied with all the requirements thereof and performed all the conditions of the contract of insurance set out herein on his part to be performed. That at the time said Theodore J. Rudler was so received as a member of said association and in consideration of the payment of all moneys and assessments required of him and the performance of all conditions of the relief fund laws of said order, said defendant made, executed and delivered to said Theodore J. Rudler at Indianapolis, Indiana, its certain certificate in writing, policy and contract of insurance in due form of said date wherein and whereby it was certified that said Theodore J. Rudler was a member of said defendant association and order and wherein and whereby said defendant undertook and promised to pay said Marie E. Rudler $1,000 upon the death of said Theodore J. Rudler, he having complied with all the provisions of the consti-

tution and by-laws of the order in force at the time of the execution of said policy or that might thereafter be enacted, and being at the time of his death a member of the order in good standing. It is also further averred that said Theodore J. Rudler died at the city of Indianapolis, Marion county and State of Indiana, on December 2, 1913. That at the death of said Theodore J. Rudler said certificate was in full force and effect and that he was then and at all times theretofore had been a member of said order in good standing and that at no time after the issuing of the said certificate was the said Theodore J. Rudler delinquent or otherwise in arrears and that said certificate had never been surrendered, canceled, forfeited or lapsed. That said defendant order was duly notified of the death of said Theodore J. Rudler December 2, 1913. That said defendant company thereafter was requested to furnish blanks for formal proof of death of the said Theodore J. Rudler and when so requested refused to furnish proofs of death and disclaimed all liability to plaintiff on said contract of insurance, and thereby waived proof of death to said defendant. Plaintiff further avers that at the time said certificate was issued she was, and ever since and to the date of the death of said Theodore J. Rudler has been, the wife of said Theodore J. Rudler and that she is the sole and only beneficiary named in said certificate, policy and contract of insurance. That members of said order or council including said Theodore J. Rudler were required to pay monthly assessments or dues to said order or council as a part of, and in consideration of, their said membership and said insurance contract of insurance, and from and including said January 16, 1913, to and including said Decem-

ber 2, 1913, there was in force the following by-law of defendant, to wit:

> " 'Sec. 112.   Members suspended by their own act.   Assessments for every month shall become due on the first day of the month.   The certificate of each member who has not paid such assessments and dues on or before the last day of the month shall by the fact of such non-payment stand suspended without notice and no act on the part of council or officer thereof, or of the National Council shall be required as essential to such suspension and all the rights under said certificate shall be forfeited.   No right under such certificate shall be restored until it has been duly reinstated by the member complying with the laws of the order, with reference to reinstatement.'

That said Theodore J. Rudler paid to defendant all the dues and assessments due from him to defendant for the months prior to November, 1913, at its usual place for receiving said assessments which was and is in the city of Indianapolis, Indiana, and the same were accepted by the defendant.   That the last day of November, 1913, fell upon a Sunday.   That said Theodore J. Rudler on December 1, 1913, paid to the defendant at its usual place for receiving the same, to wit, at Indianapolis, Indiana, the dues and assessments due from him to the defendant under said contract of insurance for the months of November and December, 1913, amounting to $2.30, which said dues and assessments and said sum was then and there accepted by the defendant."   A copy of the policy marked "Exhibit A" is attached to the complaint as a part thereof.

The fifth paragraph of complaint follows the general averments of the second paragraph except that in said fifth paragraph the averment as to the proof of death is as follows: "That plaintiff made due proof to defendant of the death of said Theodore J. Rudler as required by said contract and by-laws of the defendant and in all ways performed her part of said contract as to making proof of death of said decedent, which proof of death was received and accepted by defendant. That thereafter defendant disclaimed all liability on said contract of insurance." To the fifth paragraph a copy of the beneficiary certificate in question marked "Exhibit B" was attached as a part thereof.

Appellant by its answers raised the question involved in this case, as to whether under the circumstances of this case the payment of the dues and assessments which, by the provisions of section 112 of the by-laws of said appellant, became due on the first day of the month, if paid on the first day of the following month, the last day of the preceding month being Sunday, was a payment in time to prevent a lapse of the policy and contract of insurance, and as a part of its answers it set forth sections 112, 113, 114 and 117 of the by-laws of said appellant.

Section 112 so pleaded is headed "Members suspended by their own act" and, among other things, provides that all assessments for every month shall become due and payable on the first day of each month. The certificate of each member who has not paid such assessment or assessments and dues on or before the last day of the month shall by the fact of such non-payment stand suspended without notice, and no act on the part of the council, or any officer

thereof, or of the National Council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited.

Sections 113 and 114 of the by-laws of appellant relate to how a member being suspended may be reinstated in the order, but the contention in this case is as to whether the decedent was in fact suspended. Appellant contending that at the time said dues and assessments were paid in the sum of $2.30 on December 1, 1913, the deceased, Theodore J. Rudler, was suspended, and the appellee insisting that the said Rudler was not then suspended. If as a matter of law the payment of the $2.30 on December 1 was a payment "in time" within the terms of the contract of insurance and the by-laws of appellant, then the said Theodore J. Rudler was not in a condition of suspension as to said policy and contract of insurance; and, if not at that time in a condition of suspension as to said policy and contract of insurance, the two paragraphs of complaint herein are sufficient; and, if sufficient, the two paragraphs of answer herein to which demurrers were sustained were bad and the demurrers thereto should have been sustained.

It will be noted that *time,* as to the payment of dues and assessments, is not expressly made by any section of by-laws of appellant pleaded in this case "of the essence of the contract."

In the case of *Campbell* v. *International Life Assurance Society* (1859), (N. Y. Super. Ct.) 4 Bosworth 298, which was an action upon an insurance policy, the policy contained a provision that it " 'will not be considered in force if the premiums remain unpaid beyond thirty days after becoming due; but on satisfactory proof to the directors, that the party   *   *   *

assured continue in good health, the policies may be renewed'," etc. In this case the last day of the thirty days for the payment of the premium after the same became due fell on Sunday, but it was held that the premium so due could be paid the day following without lapse of the policy.

In the case of *Bohles* v. *Prudential Ins. Co.* (1913), 84 N. J. Law 315, 86 Atl. 438, it was held that, where the policy provides that "a grace of one month will be allowed, during which time the policy will remain in force," and the last day of the month in question was Sunday, the premium might be legally paid the first day thereafter upon which business could be legally transacted without lapse of the policy. This doctrine has been recognized and followed by the Supreme Court of Iowa, California, Massachusetts, Texas and other states. *Hammond* v. *American, etc., Life Ins. Co.* (1858), (Mass.) 10 Gray 307; Bliss, Life Ins. (2d ed.) §§179-182, and authorities there cited; *Aetna Life Ins. Co.* v. *Wimberly* (1908), 102 Tex. 46, 112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852.

Appellant insists in argument that the payment of this premium in question might lawfully have been made on Sunday, but there is no allegation in either paragraph of answer that appellant maintained any office or other place of business, or was at any particular designated place on Sunday, to receive on behalf of appellant such dues and assessments, and it does not therefore appear from said paragraphs of answer, or either of them, that the deceased had any opportunity of paying such assessments on November 30, 1913, the same being on Sunday.

The judgment of the lower court is therefore affirmed.