## PENN MUT. LIFE INS. CO. OF PHILADELPHIA v. MILLER.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 76.

Time ⬅10(10)—Where last of 31 days of "grace" for payment of insurance premium fell on Sunday, premium held payable on following day.

Where life insurance policy provided for 31 days of "grace" for payment of premiums, and last day of grace fell on Sunday, held, that payment could be made on following day; 31-day period being contractual, and not in fact matter of grace.

Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by Miriam G. Miller against the Penn Mutual Life Insurance Company of Philadelphia. Judgment for plaintiff, and defendant brings error. Affirmed.

Winthrop & Stimson, of New York City (Allen T. Klots and Arthur E. Pettit, both of New York City, of counsel), for plaintiff in error.

Wilber, Norman & Kahn, of New York City (Mark W. Norman, of New York City, of counsel), for defendant in error.

Before HOUGH, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. This writ of error is brought to reverse a judgment for the face amount, with interest, of five policies, of $25,000 each, of insurance issued by plaintiff in error (hereinafter called defendant) on the life of Arthur Miller, and payable to defendant in error (hereinafter called plaintiff), his wife.

The policies are dated the 29th day of October, 1923; premiums are payable quarter-annually in advance. Each policy contains the following clause:

"II. *Grace in Payment of Premiums.* A grace of thirty-one days, during which this policy shall remain in force, will be granted for the payment of premiums or regular installments thereof, after the first. If the death of the insured occur during the days of grace, the sum necessary to complete payment of premiums for the then current policy year will be deducted from the amount payable hereunder."

Five quarter-annual premiums have been paid; the due date of the sixth, if we disregard the quoted clause of the policy, was January 29, 1925, before 3 p. m. The insured committed suicide on March 2, 1925. The verdict of the jury has determined that death occurred before 3 p. m. of that date.

The only question presented for our consideration on this writ of error is whether, under the true construction of the contract of insurance, the time for payment of the sixth quarterly premium expired at 3 p. m. of March 2, 1925, or of March 1, 1925. The question arises, because March 1, 1925, was a Sunday.

These policies were unilateral obligations. Their continuance in full force, subject to certain provisions, applicable only after three years' premiums had been paid, was expressly conditioned upon prompt payment of the premium pursuant to the terms of the contract. Each premium is payable in advance. It is the consideration for the three months' insurance; there is, however, no obligation upon the insured to continue his payments, and if, until three years' premiums have been paid, he fails promptly to make his payment, the obligation of the in-

surer immediately ceases. He has obtained all that he has ever paid for during that time, namely, the insurance protection for the successive periods of three months, with the right by paying again to continue the policy in force.

But the so-called grace clause changes the condition as to the time of the quarterly payments. It in fact grants to the insured a credit. He is not thereby obligated to make the payment at the end of that period; he could not be sued therefor; the contract is still unilateral, not bilateral. Notwithstanding, however, the fact that the insurance period for which payment has been made has expired, and the uncertainty as to whether payment will thereafter be made for the new period, by virtue of the contract the insurance is nevertheless continued in force. If by reason of death before the payment of the premium, the policy should mature, the company is no worse off than if the premium had been paid in advance, inasmuch as, under the terms of the clause hereinabove quoted, it may deduct the entire year's premium from the face of the policy. If, however, the policy does not mature, and the premium is not paid within the credit period, the company will have carried the risk during that credit period of 31 days without any payment therefor.

This analysis of the situation does not, however, seem to throw any light on the exact situation before us. It is urged, on the one hand, that the 31 days are true days of grace; that they have grown out of a more or less general custom of the insurance companies not to be absolutely strict in requiring the prompt performance of the conditions; and that, just like the days of grace in commercial paper, they have gradually become a legal right, in many states fixed by statute, and sometimes fixed or extended beyond the statute period which is often 30 days, by the contract. It is urged that, because of this analogy, the rule applicable to days of grace in commercial paper should be applied; that is, that if the last day of grace falls on a Sunday, payment must be made on the preceding business day.

It is contended, on the other hand, that days of grace in commercial paper originated and developed as a uniform custom; that under that custom payment was due on the preceding day, if the last day of grace fell on Sunday; that, when the custom was incorporated into the law, it was the custom as so established that was so incorporated. But the analogy is denied, because there was no uniform custom of insurance companies as

to extending the time of payment of premiums; the right to the extension was strictly statutory or contractual, and, when contractual, as in this case, it made the condition of the continuance of the insurance payment, not on the date of the policy and quarterly thereafter, but 31 days after each quarterly payment would otherwise have to be made.

It is, however, contended that as, concededly, if there had been no contractual extension the time for payment would be Monday if the fixed date fell on a Sunday, so, too, if the new contractual date, namely, 31 days after the specified date, falls on a Sunday, payment need not be made until Monday. In our judgment the latter contention is sound. Although denominated days of grace, the 31-day period is in no sense a matter of grace. It is just as much an essential part of the contractual terms as the nonforfeiture provision applicable after three years' premiums have been paid. It amounts to an agreement to carry the risk during the extended time in consideration of the premiums theretofore paid, and in the hope and with the incentive that, if the policy does not mature in the meantime, the premiums will be kept up. We see no reason for so construing this clause as to shorten this contractual period to 30 days, if the thirty-first day is on a Sunday; the language is chosen by the insurer; if it desired to shorten the period in such an event it could have provided therefor by express words.

Hixenbaugh v. Union Central Life Ins. Co., 219 Ill. App. 534, is contrary to our conclusions; the case therein relied upon, Ætna Life Insurance Co. v. Wimberly, 102 Tex. 46, 102 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852, would seem rather to support the conclusion reached by us. In that case the anniversary of the date of issue of the policy fell on a Sunday. The question for determination was whether the 30 days of grace provided for in the contract would begin on Monday or would begin on Sunday. The court held that they would begin on Sunday, notwithstanding the concession that, if there had been no days of grace contracted for, the day of payment would not have expired until Monday.

The sound basis of this decision is that the 30 days are merely an extended part of the entire period, that the Sunday in question is in truth an intermediate Sunday, and not the Sunday of maturity, and that therefore, in accordance with general principles, it is not an excluded day. If the 30 days there, or the 31 days here, were in truth days of grace, it would seem that they ought to begin to

run from the day of actual legal maturity; that is, the Monday.

Bohles v. Prudential Insurance Co., 84 N. J. Law, 315, 86 A. 438, and Lightner v. Prudential Insurance Co., 97 Kan. 97, 99, 154 P. 227, are fully in accord with the conclusions reached by us.

Judgment affirmed.

HOUGH, Circuit Judge, dissents, without opinion.