C. C. Miller, Complainant, Appellant, *v.* W. B. Kennedy, Defendant, Appellee.

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

CHURCH & GANNAWAY, WILSON, KYSER, ARMSTRONG & ALLEN and R. A. ASHLEY, for complainant, appellant.

STEELE & STEELE and C. C. LEE, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a bill of review, for error apparent on the face of a former decree of the Chancery Court of Dyer County.

The chancellor sustained a demurrer to the bill of review, and it was dismissed. The complainant has appealed and errors have been assigned.

The appeal was perfected by the filing of bond on June 19, 1930. The record was not filed in this court until December 1, 1931. There is nothing on the record to indicate the reason for this long delay. The appellee makes no point thereon.

The former action was brought by Miller against Kennedy, to recover a sum claimed as a commission earned by Miller as a real estate agent. The original bill in the former action averred that the complainant was a regularly licensed real estate dealer and agent in Shelby County, Tennessee, and had fully complied with all the laws of the State with reference thereto.

The answer filed by Kennedy denied that the complainant was a regularly licensed real estate dealer and agent, denied that complainant had paid his privilege tax for such business, and denied that complainant was authorized to conduct and transact such business.

The decree of the chancellor, now sought to be reviewed, found as a fact that the complainant was not legally licensed as a real estate agent and had not complied with the law with reference thereto. It was also found that the complainant had not come into court with clean hands, in that he was seeking to recover a commission of $8,450, when he well knew that he and his salesmen had agreed upon and fixed a much smaller amount as the commission to be charged. After reciting both said findings, the chancellor decreed "therefore" that the complainant was not entitled to recover any amount, and his bill was dismissed.

It is apparent that the chancellor regarded either of said findings as sufficient to defeat the complainant's bill and to require that it be dismissed. The bill of review could not be successful without impeaching both grounds on which the former suit was dismissed.

The demurrer interposed by Kennedy to the bill of review is that the decree is without error on its face; that the bill of review invites the court to examine the evidence considered by the chancellor in the former suit; and that the bill of review seeks to review the former decree by a reconsideration of the evidence. These grounds of demurrer were sustained by the chancellor.

The only reference in the assignments of error to the finding of the chancellor that the complainant was not licensed and qualified under the law as a real estate agent, at the time the alleged commission was contracted for, is contained in the fifth assignment of error, which avers that the chancellor should have looked to and examined the depositions and exhibits in the former cause, under the authority of the statute hereinbelow referred to.

It is not claimed by any of the assignments of error that the failure of the complainant to obtain a license and qualify under the law, if true, was not a sufficient defense to the original bill, requiring that it be dismissed. The brief of the complainant in this court argues that the evidence in the former suit does not sustain the chancellor's finding of fact.

If therefore the chancellor, under the bill of review, was without jurisdiction to review the evidence as to the complainant's legal qualification as a real estate agent, his action in dismissing the bill of review must be sustained, without the necessity of reference to the ruling that the complainant was barred from relief in a court of equity because he did not come into court with clean hands.

The complainant relies upon section 3121 of the Code of 1858, which is section 8983 of the Code of 1932, and which was originally enacted as section 15 of chapter 20 of the Acts of 1835-36. This section of the Code follows the section authorizing a bill of review in the chancery court, and reads: "The depositions and exhibits that were read, on the hearing of the cause, shall be considered a part of the record, as if the same were transcribed and incorporated with the decree or judgment."

It is contended that a proper construction of this Code section authorizes the consideration and rehearing of the evidence, in aid of a bill of review which attacks a former decree for error on the face of the decree.

Complainant recognizes that the original enactment was construed adversely to his present contention in *Eaton* v. *Dickinson*, 35 Tenn. (3 Sneed), 397, but contends that the construction then placed upon the original statute was wrong, and that this court should now cor-

rect the error. Although the Code of 1932 was enacted after the decision of the Chancellor in the case before us, it is contended that this new enactment is a legislative approval of the statute, and that it should now be construed as complainant contends it should have been originally construed.

In taking the position that the incorporation of section 8983 in the Code of 1932 should be given the effect of inviting judicial construction as if the section had originated with the new Code, counsel for the appellant overlook the well defined rule of judicial conduct that a settled judicial construction of a statute has almost the same authority as the statute itself, and that when a statute has received a judicial interpretation, a subsequent reenactment of the same statute, either alone or as a section of a code, creates the presumption that the legislature intended that the new enactment should receive the same construction which was given to the earlier statute. The rule is sometimes stated that the judicial construction which had theretofore been placed upon a statute forms a part of the reenactment. *Hayes* v. *Kelley,* 111 Tenn., 294, 76 S. W., 891; *Walker* v. *Bobbitt,* 114 Tenn., 700, 88 S. W., 327; *Smith* v. *Bank,* 115 Tenn. 12, 89 S. W., 392; *Hunter* v. *Harrison,* 154 Tenn., 590, 288 S. W., 355.

The court, in *Eaton v. Dickinson,* ruled in 1855 that the language of the statute did not mean that the evidence upon which a decree was rendered could be reconsidered by a bill of review, in order to impute error to the former decree. When the language of the statute of 1835-36 was incorporated in the Code of 1858, without material change, so soon after the decision in *Eaton* v. *Dickinson,* the rule of judicial action stated in the cases

above cited required that the court thereafter adhere to the construction placed upon the language by that case.

This rule no doubt influenced the decision in *Burts* v. *Beard,* 58 Tenn. (11 Heisk.), 472, decided in 1872, wherein this court said that it would not question the authority of *Eaton* v. *Dickinson.* And in *Robertson* v. *M'Collum,* 60 S. W., 170, an opinion written for the Court of Chancery Appeals by Judge NEIL, *Eaton* v. *Dickinson* was referred to as "well fortified by the matter given in Judge McKINNEY's opinion," the court saying further: "and the case itself has been so often affirmed and reaffirmed and acted on, that the question is now beyond controversy." The cases cited by Judge NEIL clearly support his holding, and the case itself was affirmed by the Supreme Court.

In view of the judicial history of the statute invoked by complainant, we could not at this date question the authority of the construction placed upon the statute by *Eaton* v. *Dickinson,* and the reenactment without material change in section 8983 of the Code of 1932 merely gives legislative sanction to the construction the same enactment has heretofore received.

The decree of the Chancellor dismissing the bill of review was therefore clearly correct, and will be affirmed.