# SIMPKINS v. BUSINESS MEN'S ASSUR. CO. OF AMERICA.—215 S. W. (2d) 1.

Middle Section.   June 26, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

Sydney F. Keeble, Allen M. Steele, Thomas H. Malone, III and Trabue & Sturdivant, all of Nashville, for plaintiff in error.

Jack Norman and Louis Farrell, Jr., both of Nashville, for defendant in error.

HICKERSON, J.  On November 21, 1945, Business Men's Assurance Company of America issued its policy of insurance upon the life of Elihue Simpkins. Gracie Wayman Simpkins, mother of insured, was named beneficiary.

On March 25, 1946, insured lost his life in a fire. Demand was made for payment of the amount claimed to be due under the policy. Payment was refused upon the ground that the policy had lapsed before the death of insured.

Plaintiff brought this suit to recover under the policy and alleged in her declaration the policy was in full force and effect; the death of insured was by accidental means; the refusal of insurer to pay upon demand; and judgment was sought for the amount due under the policy contract.

Insurer pleaded specially that the policy had lapsed before the death of insured; and, also, pleaded the general issue.

There is no controversy about the facts. The policy provides:

"This policy is issued in consideration of an application for insurance, a copy of which is attached hereto and made a part hereof, and the payment in advance of Nine and 40/100ths dollars as the premium for term insurance ending on the 21st day of December, 1945, and the legal reserve if any, and in consideration of the further payment of a like amount on that date and on the corresponding day of each month in every year thereafter, until the maturity of the policy as an endowment or the prior death of the insured."

The statement in the face of the policy that the monthly premium is $9.40 is erroneous. The parties stipulated the correct monthly payment was $14.22.

The premium which was due on January 21, 1946, was paid by insured on January 17, 1946.

The premium which was due on February 21, 1946, was never paid.

The policy contains these provisions:

"A grace period of thirty-one days without interest will be allowed for the payment of each premium after the first.

.    .    .    .    .    .    .

"Upon failure to pay a premium when due or within the grace period, this policy shall immediately cease and become void without any action or notice by the Company, and all rights shall be forfeited to the Company except as otherwise provided in this policy."

Insurer mailed two notices to insured advising that the premium due February 21, 1946, had not been paid; and insured received these notices before the grace period expired.

Thirty-one days from February 21, 1946, was March 24, 1946; and this day was on Sunday. The insurer's local office in Nashville, Tennessee, and its home office in Kansas City, Missouri, were closed on Sunday, March 24, 1946. The local agents of insurer were in Nashville, Tennessee, on Sunday March, 24, 1946, and would have accepted the premium had it been tendered to them on that day. The policy contains no provision which relates to the due date of the premium or the expiration of a grace period when those days fall on Sunday.

When insured was accidentally burned to death about four or five o'clock on Monday morning, March 25, 1946, the beneficiary tendered the premium of $14.22 to insurer on that same day. The tender was refused.

The trial judge entered judgment for the beneficiary upon the policy with interest. Insurer appealed in error to this court.

There is only one question before this court: When the thirty-one days grace period expired on Sunday, could the policy be kept in force by paying the premium on the following Monday?

■ An insurance policy continues in force until the expiration of the days of grace provided therein. Wolfe v. Mut. Life Ins. Co., 3 Tenn. App. 199.

■ If a contract of insurance is ambiguous in its terms it must be construed most favorably to insured; but plain provisions of the policy, taken as a whole, must be enforced as stated. Great Eastern Casualty Co. v. Solinsky, 150 Tenn. 206, 263 S. W. 71, 35 A. L. R. 1007; Inman v. Life & Accident Ins Co., 164 Tenn. 12, 45 S. W. (2d) 1073; Berry v. Prudential Ins. Co. of America, 23 Tenn. App. 485, 134 S. W. (2d) 886; Travelers Ins Co. v. Ansley, 22 Tenn. App. 456, 124 S. W. (2d) 37.

"Ambiguous" is defined in 3 C. J. S., page 1037, as follows:

"The word has been defined as capable of being understood in more senses than one; obscure in meaning through indefiniteness of expession; having a double meaning; doubtful and uncertain; meaning unascertainable within the four corners of the instrument; open to construction; reasonably susceptible of different constructions; uncertain because susceptible of more than one meaning. Its synonyms have been said to be 'doubtful,' 'equivocal,' 'indefinite,' 'indeterminate,' 'indistinct,' 'uncertain,' and 'unsettled.' "

In Couch Cyclopedia of Insurance Law, volume 3, page 2047, section 634a, this rule is stated:

"If the day upon which a premium or assessment is due falls on Sunday, payment may be made on the following Monday; at least, where no provision has been made for payment on Sunday. So, a tender of a premium due on Sunday, made on Monday, is sufficient. This arises from the fact that, even if the premium be tendered on Sunday, there is no obligation to receive it."

Concerning Sunday we have the following statutory law in this state:

Code Section 11:

"The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

Code Section 7518:

"Where the day, or the last day, for doing any act herein required or permitted to be done falls on Sunday or on a holiday, the act may be done on the next succeeding secular or business day."

Code Section 5253:

"If any person shall be guilty of exercising any of the common vocations of life, or of causing or permitting the same to be done by his children or servants, acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof before any justice of the peace of the county, forfeit and pay ten dollars, one half to the person who will sue for the same, the other half for the use of the county. (1741 ch. 14, sec. 2; 1803, ch. 47, sec. 1, Modified.)"

■ Code Section 11 applies to "act[s] provided by law . . . to be done"; and Code Section 7518 applies to the negotiable instruments law in Tennessee. These Code Sections do not apply to the facts of the instant case. Shankle v. Home Ins. Co. of New York, 175 Tenn. 228, 183 S. W. (2d) 489.

■ Code Section 5253 does prohibit the insurer from keeping its office open in Nashville, Tennessee, and transacting its regular business of conducting an insurance agency on Sunday. We are not overlooking the decisions of our Supreme Court relating to Sunday. Amis v. Kyle, 10 Tenn. 31, 24 Am. Dec. 463; Lucas v. Larkin, 85 Tenn.

355, 3 S. W. 647; Cooper v. Nolan, 159 Tenn. 379, 19 S. W. (2d) 274; State v. Nashville Baseball Ass'n, 141 Tenn. 456, 211 S. W. 357, 4 A. L. R. 368. Nor are we unmindful of the rule that provisions of a code taken from old statutes must be construed by the courts with reference to the judicial construction of the statutes upon which the code is based. Miller v. Kennedy, 164 Tenn. 470, 51 S. W. (2d) 1000.

The Code of 1932 modified chapter 47, section 1, Acts of 1803, section 3029 of Shannon's Code, so as to substitute for the words, "if any merchant, artificer, tradesman, farmer, or other person," the words, "if any person."

■ The elimination of the names of these particular occupations from the statute requires a new interpretation of the clause, "if any person shall be guilty of exercising any of the common avocations of life." We hold the transaction of the regular business of insurer in its Nashville office on Sunday is clearly prohibited by this statute. Code of 1932, section 5253. The modification in the Code of 1932 made the rules announced by our Supreme Court in State v. Nashville Baseball Ass'n; supra, and Miller v. Kennedy, supra, inapplicable as precedents for the construction of Section 5253 of the Code of 1932.

Insurer cites cases to support text statements of the rule that if the days of grace for paying a premium expire on Sunday, the payment cannot be made on the following Monday. Hixenbaugh v. Union Central Life Ins. Co., 219 Ill. App. 534.

■ Other courts have refused to follow this line of decisions and have held that a payment on Monday following the expiration of the grace period on Sunday would keep the policy in force. Penn Mutual Life Ins. Co. of

Philadelphia v. Miller, 16 F. 2d 13. We think the latter rule is more consistent with the laws of this state. Restated, we have this situation: the policy provided for a grace period of thirty-one days. It made no provision to meet a situation where the grace period expired on Sunday. The thirty-one days did expire on Sunday. Under the statutory law of this state, insurer could not legally transact its business of operating its insurance agency in Nashville on Sunday. The effect of the factual situation and the law would be to give only thirty days of grace to insured if he were not allowed to pay his premium on Monday; but the contract allows him a grace period of thirty-one days. Under our decisions such contract should be construed most strongly against the insurer who wrote it.

■ Furthermore, it is the rule that if the day a premium is due falls on Sunday, the insured may pay the premium on Monday. The so-called grace period of thirty-one days in this contract is as much a part of the contract as the day when each premium falls due. Construing the policy as a whole, as we must, it means this: the actual date when the premium is due is thirty-one days after the 21st day of each month. The trial judge correctly held that insured could make this payment on Monday when the thirty-one days expired on Sunday and keep the policy in force thereby.

The assignments of error are overruled and the judgment of the circuit court is affirmed with interest and all costs.

Felts and Howell, JJ., concur.