JEAN L. EACHUS, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, New York County, January 19, 1949.

*Abraham Gruber* for plaintiff.

*Ferdinand H. Pease* and *Kenneth De F. Carpenter* for defendant.

HOFSTADTER, J. The plaintiff is the named beneficiary of a $10,000 life insurance policy on her mother's life issued by the defendant on January 22, 1930. The policy has a double indemnity provision by which the defendant undertook to pay an additional $10,000 on proof that the insured's death " resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and occurred within ninety days after such injury ".

The insured on February 22, 1946, sustained bodily injuries, consisting among others, of a fracture of the right hip bone. These injuries rendered her unconscious or comatose until her death at about 9:45 A.M. on February 25, 1946. It is not disputed that the insured's injuries were caused solely by accident and resulted in her death within the terms of the double indemnity provision. If the policy was still in force at the time of the insured's death on February 25, 1946, the defendant is undoubtedly liable for the double indemnity. The action is brought to recover this double indemnity benefit. The only question in the case is whether the policy was in effect or had lapsed before the insured's death.

A rather unusual sequence of fortuitous events has given rise to the litigation. The annual premium of $339.10 fell due January 22, 1946. Payment of this premium was never made or tendered. This nonpayment is, however, not necessarily fatal to the plaintiff's case, for the policy expressly provides that if death occurs within the grace period the overdue premium is to be deducted from the amount payable under it. We are thus brought back to the focal question whether death occurred during the grace period or whether the grace period had run its course before death.

In accordance with the Insurance Law the policy gave its holder a grace of one month (not less than thirty days) and the defendant's premium notice required payment within a grace period of thirty-one days after the due date of the premium. The 31st day after January 22, 1946, was February 22d — a legal holiday which in that year happened to fall on Friday.

Section 25 of the General Construction Law in 1930, when the policy was written provided (as it does today) as follows: " Where a contract by its terms requires the payment of

money or the performance of a condition on a public holiday, such payment may be made or condition performed on the next business day succeeding such holiday, with the same force and effect as if made or performed in accordance with the terms of the contract.''

In my opinion this statutory provision extended the grace period to the following business day, Saturday, February 23d, (*Penrose* v. *Metropolitan Life Ins. Co.*, 163 Misc. 241). Any other result would defeat the obvious end the statute was intended to attain. In this view, it becomes unnecessary to determine whether the plaintiff may successfully invoke section 20 or section 30 of the General Construction Law or whether the 1942 amendment (L. 1942, ch. 603) of section 30 may constitutionally be applied to a 1930 policy.

The plaintiff contends that the grace period was further extended to Monday, February 25th by a rule of the defendant. Originally the rule relied on was the following: '' For the purpose of determining when the grace period ends, please note that Saturday is to be construed as a regular business day. If the last day of grace is on Saturday, and the policy-holder tenders the premium on Monday, it may be accepted only provided conditional receipt is delivered.''

The conditional receipt referred to in the foregoing rule was in the following form: '' Settlement of the amount overdue was tendered after expiration of grace, this receipt is delivered and the policy reinstated on condition that tender was made during lifetime of insured. All company's rights under the policy are reserved.''

The rule just quoted was, however, modified before the insured's death. In its modified form, the rule on February 25, 1946, the date of the insured's death read: '' The rule stated is modified to the extent that if the last day of grace falls on Saturday, the premium may be accepted without reinstatement requirements or any other condition, if tendered on the next business day. However, where the grace period expires on Saturday, the ten day period during which a conditional receipt may be issued is to end on Tuesday of the second following week.''

I am satisfied that the rule, as modified, effected a further extension of the grace period from Saturday, February 23d to the next business day, Monday, February 25th. The direct and unqualified statement that the premium may be accepted without reinstatement requirements or any other condition admits of no other reasonable interpretation consistent with its text.

An insured has the right to assume that such clear and simple language means exactly what it says. The defendant by this rule gave notice to the insured that if the premium was tendered on the next business day after the last day of grace following a Saturday, it would be accepted unconditionally.

The record throws no light on the circumstances attending or the reason for the amendment. Conceivably it may have been adopted in recognition of the growing tendency to close or man business offices with a skeleton force on Saturdays. Whatever the reason, the rule is explicit. Its necessary effect was to postpone the last day of grace from Saturday to the next business day — in this case Monday, February 25th.

I have not overlooked the reference in the concluding sentence of the modified rule to the " ten day period during which a conditional receipt may be issued   *   *   * ". The reference seems to contradict the flat statement in the opening sentence that the premium may be accepted without any condition. Possibly the conditional receipt is mentioned in some other rule on which the record is wholly silent. In the absence of contrary proof or explanation — and there is none — I cannot permit this equivocal reference to whittle away the plain meaning of the opening sentence. The doubt, if any, is of the defendant's making and must be resolved against it. If the defendant did not intend to grant the added grace it should have phrased its purpose in apter words.

The defendant in actual practice interpreted the modified rule as an extension of the grace period. On many occasions it accepted without condition on Monday premiums when the last day of grace fell on the previous Saturday. The employees in the division had no discretion to refuse a tender so made.

The extension of the grace period continued the insurance in force during the extended period. (*Homer* v. *Guardian Mutual Life Ins. Co.*, 67 N. Y. 478; *Goldberg* v. *Mutual Life Ins. Co.*, 263 App. Div. 10, 13.) An extension may certainly be given as effectually by a general rule promulgated by the company as by agreement with an insured in a particular case. The policy was, therefore, in effect throughout the day of Monday, February 25, 1946 — the day of the insured's death. It follows that the defendant is bound to pay the double indemnity benefit less the premium of $339.10.

Judgment is accordingly directed for the plaintiff for $9,660.90, with interest from February 25, 1946, with taxable costs.