**Sarah L-C FLOWERS,**
**Plaintiff-Appellant,**

v.

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
**Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

June 30, 1986.

Louis Farrell, Jr., W.P. Ortale, Ortale, Kelley, Herbert & Crawford, Nashville, for plaintiff-appellant.

Randall C. Ferguson, Manier, White, Herod, Hollabaugh & Smith, P.C., Sam H. Poteet, Jr., Manier, White, Herod, Hollabaugh & Smith, P.C., Nashville, for defendant-appellee.

## OPINION

BROCK, Chief Justice.

Plaintiff, the widow of Mr. J. William Flowers, deceased, is the named beneficiary on a life insurance policy issued by the defendant upon the life of Mr. Flowers. The defendant has refused to honor the policy, asserting that it had lapsed because of non-payment of premiums at the time of the death of Mr. Flowers on November 8, 1982. Plaintiff brings this action to recover the benefits of the policy.

The defendant, Provident, issued this life insurance policy on September 2, 1981, but the date listed on the policy is October 7, 1981. The first premium was due on the policy date and subsequent premiums were payable annually "beginning October 7, 1982." The policy contained a grace period which was defined therein as follows:

> GRACE PERIOD. A grace period of thirty-one days will be allowed in payment of any premium after the first. This policy will remain in force during that period. If any premium after the first is not paid on or before its due date or within the grace period, this policy will immediately terminate and have no further value except as may be provided in this policy. If the insured dies, such thirty one day period, that part of such unpaid premium which applies to the grace period will be deducted from the amount otherwise payable under this policy."

Provident posted on its books the initial premium payment of Mr. Flowers on October 13, 1981, but no other premiums were paid on this policy. Mr. Flowers died on Monday, November 8, 1982; Provident asserts that the thirty-one day grace period provided by the policy ended on Sunday, November 7, 1982. Accordingly, Provident denied coverage on the ground that the policy had lapsed when Mr. Flowers died on Monday, November 8, 1982.

The plaintiff, Mrs. Flowers, asserts that the insurance contract had not lapsed when Mr. Flowers died on November 8, 1982 and further contends that Provident is estopped to assert that the policy had lapsed, citing prior dealings between Provident and her husband. In the disposition that we make

of the case we find it unnecessary to decide the estoppel issue.

At the conclusion of the plaintiff's evidence, the trial court directed a verdict for the defendant, finding that the grace period was not extended to Monday, November 8, 1982, that the policy had lapsed when Mr. Flowers died on that date and that Provident had not waived and was not estopped from asserting that the grace period had expired and that the policy had lapsed.

On appeal, the Court of Appeals affirmed the action of the trial court in directing a verdict in favor of the defendant at the conclusion of the plaintiff's proof. In regard to the extension of the grace period, that court held that when the last day of a grace period provided in a life insurance policy falls on a Sunday, the grace period does not extend to the next business day, without proof that the insurance company was not open for business on that Sunday. We granted the plaintiff's application for permission to appeal in order that we might consider the question whether or not a life insurance policy's thirty one day grace period which ends on a Sunday is extended to the next business day.

■ T.C.A. § 56–7–301(2) requires that life insurance policies include grace provisions which provide for coverage while the grace period is in effect. The instant policy contained such a grace period which provided in part: "If the insured dies during such thirty-one day period, that part of such unpaid premium which applies to the grace period will be deducted from the amount otherwise payable under the policy." This clause has been construed by the courts almost uniformly to mean that if the insured dies during the grace period provided, his death is covered under the terms of the insurance contract. The premium which pertains to the grace period is deducted from the amount otherwise payable under the policy. *Eachus v. New York Life Ins. Co.*, 193 Misc. 945, 85 N.Y.S.2d 553 (N.Y.App.Div.1949).

At this point we note that the grace period defined under the terms of the instant policy complies with the requirements of T.C.A. § 56–7–301 which provides, in pertinent part, as follows:

*Provisions and conditions required in life insurance policies.*—No policy of life insurance shall be issued in this state or be issued by a life insurance company organized under the laws of this state unless the same shall contain the following provisions:

. . . .

(2) GRACE FOR PAYMENT OF PREMIUMS; INTEREST; DEDUCTION FOR DEATH. A provision for a grace of one (1) month for the payment of every premium after the first year, which may be subject to an interest charge, during which month the insurance shall continue in force, which provision may contain a stipulation that if the insured shall die during the month of grace, the overdue premium will be deducted in any settlement under the policy.

Also pertinent is T.C.A. § 1–3–102 which provides:

*Computation of time.*—The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

In *Allen v. Effler*, 144 Tenn. 685, 696, 235 S.W. 67 70 (1921), this Court construed this latter statute to apply to contracts in which "no different intention is manifest from the contract." A review of the provisions of the insurance contract in controversy fails to reveal any manifestation of intent that the grace period end on a specific date or a specific day of the week. The contract merely provides for a thirty-one day grace period. There is no expression of intent that a grace period which ends on Sunday should not be extended to the next business day.

Considering the above quoted statutes, we conclude that the payment of a premium under a grace period provision of a life insurance policy is "an act provided by

law" within the meaning of T.C.A. § 1–3–102.

Probably the most recent and relevant Tennessee authority on the issue presented is *Simpkins v. Business Men's Assurance Co. of America*, 31 Tenn.App. 306, 215 S.W.2d 1 (1948). There, as here, the insured died on a Monday following the Sunday that was the thirty-first day of the grace period. The Court of Appeals held that the beneficiary could recover, concluding that, since various Tennessee statutes prohibited an insurer from keeping its offices open "and transacting its regular business of conducting an insurance agency on Sunday," a grace period ending on a Sunday should be extended to the next day of business. *Id.* at 3, 4.

In considering the appeal in the instant case, the Court of Appeals reasoned that since the "blue laws" relied upon by the court in *Simpkins* have been repealed, a grace period ending on Sunday should not be extended to the next business day unless the party claiming under the insurance policy proves that the insurance company was not open for business on Sunday which was the last day of the grace period.

We think, however, that a close reading of the *Simpkins* opinion does not support the narrow interpretation given to it by the Court of Appeals in the instant case. It is true that the court in *Simpkins* noted that the factual situation there, which included the Sunday business restriction, would have shortened the contractual grace period if the premium could not be paid on Monday. Nevertheless, the court further noted that when the contract does not clearly state what is to be done in a situation such as that raised by the facts of that case and this one, the terms must be construed most favorably to the insured.

This Court has held that while T.C.A. § 1–3–102 applies in terms to acts required by law, the same principle can be used to guide us in the interpretation of contracts in which no different meaning is given by the instrument. *Cowan, McClung & Co. v. Donaldson*, 95 Tenn. 322, 32 S.W. 457 (1895). We think it logical to conclude that

since T.C.A. § 56–7–301 requires that life insurance policies contain a grace period of one month, the days of that grace period should be counted as provided by T.C.A. § 1–3–102.

The purpose of a grace period is to give the insured an opportunity to act by paying a past-due premium and thus avoid forfeiture for non-payment on the date fixed for payment. *Davis v. Metropolitan Ins. Co.*, 161 Tenn. 655, 659, 32 S.W.2d 1034, 1035 (1930). A grace period does not contain a manifestation of any intent that it terminate on a specific date; it provides for the application of a period of time in which the insured must act, which in this case, is thirty-one days.

■ Since there is no manifestation of an intent by the parties to this insurance contract that a thirty-one day grace period ending on a Sunday should not be extended to the next business day, T.C.A. § 1–3–102 applies and extends the grace period under the insurance contract in controversy to Monday, November 8, 1982. *Allen v. Effler, supra.*

The majority of jurisdictions considering this issue have held that a grace period ending on a Sunday should be extended to the next business day. *Friedman v. Group Hospitalization Inc.*, 220 F.2d 827 (D.C.Cir.1955); *Penn Mutual Life Ins. Co. of Philadelphia v. Miller*, 16 F.2d 13 (2nd Cir.1926); *Northey v. Bankers' Life Association*, 110 Cal. 547, 42 P. 1079 (1895); *National Council of Knights & Ladies of Security v. Rudler*, 69 Ind.App. 175, 121 N.E. 532 (1919); *Bohles v. Prudential Ins. Co. of America*, 84 N.J.Law. 315, 86 A. 438 (N.J.1913); *Linfors v. Unity Life Ins. Co.*, 189 S.C. 527, 1 S.E.2d 781 (1939); *see*, Annot., 53 A.L.R.2d 877 (1957).

The opposite view is represented by *Hixenbaugh v. Union Central Life Ins. Co.*, 219 Ill.App. 534 (1920). Our research indicates that although sixty-five years have elapsed since *Hixenbaugh* was decided, no court in a reported decision has relied upon that case or adopted its rationale.

We conclude that the grace period in this case was extended to include Monday, November 8, 1982; and, therefore, that Mr. J. William Flowers died within the grace period, and his death is compensable under the terms of the insurance contract. Thus it was error to direct a verdict for the defendant at the close of the plaintiff's evidence. The judgments of the lower courts are reversed and this cause is remanded to the trial court for a new trial. Costs are adjudged against defendant-appellee.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.