Barbara J. LOYD, Appellant,

v.

**FEDERAL KEMPER LIFE ASSURANCE COMPANY,** Appellee.

No. 93–639.

Supreme Court of Iowa.

June 22, 1994.

Terry M. Anderson and Timothy J. O'Brien of Hauptman, O'Brien, Wolf & Lathrop, Omaha, NE, and Richard D. Crotty, Council Bluffs, for appellant.

Gregory G. Barnsten of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

## PER CURIAM.

Beneficiary appeals from the district court order denying her claim. We affirm.

Billy R. Loyd purchased life insurance from Federal Kemper Life Assurance Company (Kemper) in 1983. The policy named his wife, Barbara, as beneficiary. It provided a thirty-one day grace period for making premium payments.

Billy made timely monthly payments up to, but not including, the premium due August 1, 1991. Billy had preauthorized Kemper to withdraw the monthly payment from his bank account, but on August 9, Barbara stopped payment on the August 1 premium. Billy had obtained a different life insurance policy three months earlier.

Thirty-one days after August 1 was Sunday, September 1. Billy died on Monday, September 2.

Barbara attempted to recover death benefits. Kemper denied her claim, stating that coverage had lapsed prior to Billy's death.

Barbara filed suit in district court. The sole question presented at trial was whether the policy provided coverage on September 2. The parties submitted the matter on stipulated facts. The court denied the claim, holding that the policy expired on September 1.

Barbara appeals. She argues the insurance contract is ambiguous as to whether the grace period can end on a Sunday. In the alternative, Barbara argues when contracts do not specifically provide how time is to be computed, the common law of Iowa is to apply Iowa Code provisions relating to the computation of time in the construction of statutes. *See* Iowa Code § 4.1(34) (1993).

█ Kemper argues there is nothing in the policy to suggest a "Sunday rule" and that this court should not rewrite the contract by holding the grace period was longer than thirty-one days. Kemper asserts the district court should be affirmed because Billy had no intention of paying the August 1 premium.

In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and, except in the cases of ambiguity, this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14). The policy states:

A grace period of 31 days will be allowed for payment of each premium after the first. This policy will continue in force during the grace period. If the insured dies during the grace period, the unpaid premium will be deducted from the proceeds.

The quoted language from the insurance policy says that, during the grace period, the policy remains in force. We find the contract provides automatic coverage during the grace period regardless of the intent of the insured to renew the policy.

The question remains, however, whether the grace period ended on Sunday, September 1, or was extended to provide coverage on Monday, September 2. The test for ambiguity in an insurance policy is whether a reasonable person would read more than one meaning into the words. *Farm & City Ins. Co. v. Anderson*, 509 N.W.2d 487, 490 (Iowa

1993). A reasonable person would not read more than one meaning into the words "thirty-one days." There is no suggestion that the grace period extended to a thirty-second day under any circumstance. We hold the policy unambiguously provided a thirty-one-day grace period, no more, no less.

 Barbara Loyd suggests it is part of the common law of Iowa to apply Iowa Code section 4.1(34) to the construction of private contracts. When the final day of a time period is a Sunday, this Code section extends the time prescribed so as to include the whole of the following Monday. Iowa Code § 4.1(34) (1993). However, the rules listed in section 4.1 are to be applied "[i]n the construction of statutes" and the Code does not mention their application to private contracts. *Id.*

While parties may choose to include this method of computing time in their contracts, it is not a part of our common law to apply this method to contracts silent on the computation of time. As we observed in 1868, no single, uniform method of computing time was part of the common law. *Teucher & English v. Hiatt*, 23 Iowa 527, 529 (1868). We have found only one case in which the Code provision for computing time for statutes was used to interpret a private contract, *Holbrook Bros. v. Mill Owners' Mut. Ins. Co.*, 86 Iowa 255, 53 N.W. 229 (1892). We choose to abandon this case as it conflicts with modern rules of insurance contract construction. Where an insurance contract is unambiguous, we will not rewrite the contract by incorporating a statute which does not by its terms apply to private contracts. *See generally West Trucking Line v. Northland Ins. Co.*, 459 N.W.2d 262, 263 (Iowa 1990).

Barbara relies on a Tennessee case to urge a contrary conclusion. The Tennessee Supreme Court was faced with a nearly identical factual situation to the case at hand in *Flowers v. Provident Life & Accident Insurance Co.*, 713 S.W.2d 69 (Tenn.1986). A life insurance policy provided automatic coverage during a thirty-one day grace period and an insured died on a Monday, the thirty-second day after a premium was due. *Id.* at 70.

Tennessee law requires life insurance policies to include a month-long grace period. *Id.* at 71; T.C.A. § 56–7–301. The Tennessee Code also provides a method for computing time which excludes final Sundays and applies "to any act provided by law to be done." T.C.A. § 1–3–102. The court "conclude[d] that the payment of a premium under a grace period provision of a life insurance policy is 'an act provided by law' within the meaning of T.C.A. § 1–3–102" and therefore the grace period could not end on a Sunday. *Flowers*, 713 S.W.2d at 71–72.

We believe the Tennessee Supreme Court relied on reasoning not applicable to the case before us. Iowa law does not require the provision of a grace period. Our codified method of computing time is for use in the construction of statutes, not all acts required by law. Iowa Code § 4.1(34) (1993).

Billy Loyd's insurance policy provided for a thirty-one-day grace period. We believe the district court correctly found the insured's death on the thirty-second day was not compensable under the policy and affirm.

**AFFIRMED.**