Richard Glen **ROBINSON** and Wanda G. Robinson, Debtors, and Walter Drake, Trustee for The Use and Benefit of Creditors, Plaintiffs/Appellees,

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,** Defendant/Appellant.

Court of Appeals of Tennessee, Western Section, at Nashville.

Jan. 26, 1993.

Application for permission to appeal Denied by Supreme Court May 3, 1993.

Wesley A. Clayton, Beth H. DuPree, Waldrop & Hall, Jackson, for defendant/appellant.

T. Verner Smith, Hill, Boren, Drew & Martindale, P.C., David Hardee, Hardee & Martin, Jeannie M. Todd, Jackson, for plaintiffs/appellees.

FARMER, Judge.

This appeal is from the trial court's grant of summary judgment in favor of Insureds, finding that Insurer was estopped to deny coverage under the policy.

Tennessee Farmers Mutual Insurance Company (TFMIC) issued an automobile liability insurance policy to Richard and Wanda Robinson. The policy insured the Robinsons' 1984 Buick Skyhawk for the time period June 21, 1985 to December 21, 1985. Paragraph 1 of the policy states:

> The policy period shall be as shown under "policy period" in the Declarations and for such succeeding periods thereafter as the required renewal premium is paid by the named insured on or before the expiration of the current policy period. The "policy period" shall begin and end 12:01 A.M., at the address of the named insured as stated herein. The premium shown is for the policy period

and coverage indicated in the Declarations.

Paragraph 6, entitled "Termination" provides,

Automatic Termination. If we offer to renew and you do not pay the renewal premium when due, this policy will automatically terminate at the end of the current policy period....

A renewal statement, dated December 2, 1985, was mailed by TFMIC to the Robinsons indicating that a premium of $127.00 was due for coverage from December 21, 1985 to June 21, 1986. When the premium was not forthcoming, TFMIC sent the Robinsons a "Final Notice," dated December 26, 1985, stating:

ACCORDING TO OUR RECORDS WE HAVE NOT RECEIVED YOUR PREMIUM PAYMENT. THIS IS TO ADVISE YOU THAT YOUR POLICY EXPIRED AS OF 12/21/85 12:01 A.M. STD TIME, FOR NON-PAYMENT OF THE RENEWAL PREMIUM. TO REINSTATE YOUR POLICY WITH CONTINUOUS COVERAGE, YOUR PAYMENT MUST BE RECEIVED BY 01/04/86—OTHERWISE POLICY WILL REMAIN LAPSED.

On January 3, 1986, Ms. Robinson, while driving the Skyhawk, was involved in a non-contact automobile accident with Darryl Barnes (Barnes).[1] Pamela Hamm (Hamm) was a passenger in the Barnes vehicle. Barnes and Hamm both filed suit against the Robinsons alleging personal injuries due to the accident. TFMIC did not defend or pay these claims. Default judgments were subsequently entered against the Robinsons.

Suit was filed against TFMIC alleging breach of contract and bad faith due to its failure to defend the claims or to pay the judgments entered against the Robinsons.[2] In the complaint, the Robinsons concede receipt of the Final Notice indicating continuous coverage if the premium was paid

by January 4, 1986. They allege, however, that the premium could not be paid on January 4 because that was a Saturday, when TFMIC's offices were closed. The Robinsons assert that they paid the premium on Monday, January 6 and that it was accepted by TFMIC. Therefore, they contend they had insurance coverage with TFMIC on the date of the accident. The Robinsons also claim that because of the judgments rendered against them, they were forced to file Chapter 7 Bankruptcy.[3]

TFMIC answered that no coverage was in effect on January 3 because the Robinsons' policy effectively lapsed on December 21, 1985, for failure to pay the premium. After receiving the $127 premium on Monday, January 6, TFMIC issued a policy to the Robinsons, effective January 7, 1986.

Both parties filed motions for summary judgment. In support of their motion, Appellees argued that TFMIC was estopped to deny continuous coverage by failing to inform Ms. Robinson, while in TFMIC's office on January 3, that the office would be closed on Saturday, January 4. Both motions were overruled by the trial court.

The parties then filed motions to reconsider. Upon these motions, the trial judge ruled that TFMIC had the right to terminate coverage under the insurance policy and that it terminated December 21, 1985, the original policy date. The court also ruled that in order to reinstate the policy with continuous coverage, the premium had to be paid by Saturday, January 4, 1986, under the terms of the offer made by TFMIC on December 26, 1985.

The trial judge found, however, that "further and proper consideration" should be given to the issue of whether TFMIC was estopped to deny continuous coverage to the Robinsons. Thereafter, the court heard further argument regarding the issue of estoppel. The following facts (as they pertain to the issue) were stipulated.

---

1. Barnes allegedly left the road to avoid the Robinson vehicle, thereafter hitting a tree.

2. The suit against TFMIC was initiated by the Trustee in Bankruptcy (Chapter 7) for the use and benefit of the creditors of the Robinsons.

3. At the time of the accident, the Robinsons were debtors in Chapter 13 Bankruptcy.

On January 3, 1986 following the accident, Ms. Robinson went to the office of TFMIC, at which time she met with Ms. Howell.

Ms. Robinson related to Ms. Howell the facts of the accident, to which Ms. Howell responded "nothing will come of it" or words to that effect, apparently referring to the accident of January 3, 1986, according to Ms. Robinson.

While Ms. Robinson was at the offices of TFMIC, an accident report was prepared by Ms. Howell with the assistance of Ms. Robinson.

On the accident report prepared by Ms. Howell there was a specific question as to whether insurance coverage was provided concerning the reported accident as required by the Tennessee Financial Responsibility Act with two blocks to check "yes" and "no". Ms. Howell checked the block marked "yes". Further, this accident report form was completed indicating policy dates of 12/21/85 through 6/21/86.

According to Ms. Robinson, when she met with Ms. Howell she indicated to her that she wished to pay her premium, however, she had to pick up a check and would be back that day to pay her premium. Ms. Howell made no statement to Ms. Robinson that she had to pay her premium on that date or that she had to pay the premium by Saturday, January 4, 1986.

According to Ms. Robinson, she did not come back to TFMIC's office on Friday, January 3, 1986, but came back on Saturday, January 4, 1986 to find that the office had been closed. Ms. Robinson had the premium money to pay on Saturday.

According to Ms. Robinson, as of Saturday, January 4, 1986, she assumed that she had until Monday to pay the premium on the subject insurance policy to maintain continuous coverage.

On Monday, January 6, 1986, Mr. Robinson came to the offices of TFMIC and paid the exact premium specified by the insurance company, $127.00.

Based upon these facts, the trial court granted Appellees' motion for summary judgment, holding that TFMIC was estopped to deny coverage under the policy and that it waived any right it had to rely upon its notices of cancellation to the Robinsons.[4]

Appellant presents the following issues for our consideration:

1. Whether the trial court erred in not granting summary judgment to [TFMIC] because the Company did not afford automobile liability insurance coverage to the Robinsons on January 3, 1986?

2. Whether the trial court erred in granting the Plaintiff's 'motion for summary judgment on the ground that

---

**4.** The trial judge stated:

The court specifically finds that if [TFMIC] wanted to rely on the ... notices, ... they would have had to advise [Ms. Robinson] on January 3, 1986 that the Robinsons had no insurance but they could pay the premium of $127.00 today or tomorrow, but until they did so they would have no insurance. The court further finds that [Ms. Howell] was an agent of [TFMIC].... By checking the block next to the word "yes," Ms. Howell was making a representation on behalf of [TFMIC], that [the Robinsons] did have coverage under the ... policy. The court finds as a matter of law that coverage under the ... policy was reinstated by the company by virtue of their filling out a form that indicated to the Robinsons they had coverage and by advising her that she owed premium [sic] of $127.00.

...   .   .   .   .

... [Ms. Howell] lulled Ms. Robinson into a false sense of security by filling out a form

indicating that she had coverage ... and by telling her "nothing will ever come of it" or words to that effect....

.   .   .   .   .

The court further finds ... that Mr. Robinson came in on Monday and ... met with [Ms. Howell]. Mr. Robinson ... delivered to [TFMIC] the precise premium amount owed.... [TFMIC] was receiving payment pursuant to the terms of the offer made January 3, 1986.

The court finds that estoppel and waiver occurred on Friday, January 3, 1986 and on Monday, January 6, 1986 when Mr. Robinson rendered payment to [Ms. Howell].... [T]he court finds there are no genuine, material issues of fact as to the issue of estoppel and waiver ... the plaintiff is entitled to summary judgment as a matter of law.

[TFMIC] is estopped to deny the Robinsons continuous automobile liability insurance coverage in this cause?

3. Whether the trial court was correct in granting summary judgment to the Plaintiffs on the grounds that [TFMIC] had accepted a counteroffer?

Appellees raise the following additional issue:

Whether the trial court erred in ruling that [T.C.A. §§] 1–3–102 and 56–7–1102 et seq. do not apply to extend the Robinsons' right to accept continuous coverage on January 6, 1986?

■ We address first the issue of estoppel. Appellant contends that the trial court erred in granting Appellees' motion for summary judgment on the ground that Appellant is estopped to deny the Robinsons continuous liability insurance coverage. Under Tennessee law, estoppel is not favored and it is the burden of the party seeking to invoke the doctrine to prove each and every element. *Bokor v. Holder,* 722 S.W.2d 676 (Tenn.App.1986). The elements of equitable estoppel were set forth by this Court in *Consumer Credit Union v. Hite,* 801 S.W.2d 822 (Tenn.App.1990), which held:

The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially, 19 Am.Jur.Estoppel Sec. 42, pp. 642–643.

*Hite,* 801 S.W.2d 822 at 825 (*citing Callahan v. Town of Middleton,* 41 Tenn.App. 21, 292 S.W.2d 501 (1954)).

■ The burden of proof is on the insured to prove that a misrepresentation was made and that the insured reasonably relied upon the misrepresentation. *Bill Brown Constr. Co. v. Glens Falls Ins. Co.,* 818 S.W.2d 1 (Tenn.1991). Appellees argue that the following conduct by TFMIC's agent, Ms. Howell, constitutes a false representation or concealment of material facts: (1) Ms. Howell completed an accident report form that represented: (a) a policy of insurance was in force covering the accident, and (b) that policy dates were from December 21, 1985 to June 21, 1986; (2) Ms. Howell knew the premium had not been paid as of January 3, 1986, yet failed to advise Ms. Robinson (while in TFMIC's office) that she had to pay the premium by January 4, 1986, or coverage would be lapsed; (3) Ms. Howell stated to Ms. Robinson that "nothing will come of it" or words to that effect, referring to the January 3, 1986, accident; and (4) Ms. Howell accepted the premium payment from Mr. Robinson on January 6, 1986. There is no dispute that these acts or omissions occurred as each was stipulated to by the parties.

Our review of the record, however, reveals no proof establishing that the Robinsons relied upon this conduct and acted thereon to change their position prejudicially. When asked whether Ms. Howell filled out an accident report, Ms. Robinson, in her sworn statement, answered "I really don't know, I can't remember if she did or not." The trial court found that the accident report was prepared with Ms. Robinson's assistance. Ms. Robinson's subsequent actions, however, do not indicate reliance on the report. As to Ms. Howell's failure to advise Ms. Robinson of the final date to pay the premium, or her comment that "nothing would come of it," or words to that effect, we find nothing that would indicate to Ms. Robinson that her time to pay the premium extended to January 6. Ms. Robinson stated that she understood that she had until January 4, 1986 to pay the premium in order to have continuous

coverage.[5] None of her actions, after meeting with Ms. Howell, indicate that she thought otherwise. Ms. Robinson returned to TFMIC's office on the 4th to pay her premium and found it closed.

Finally, as to Ms. Howell's acceptance of the premium payment on Monday, January 6, the record fails to reveal that the Robinsons relied to their detriment on this act, which occurred after the fact. The accident had already taken place and coverage for the accident could not have been obtained elsewhere. No action was taken by the Robinsons in reliance upon Ms. Howell's conduct that prejudiced them. "Action and prejudice are essential to equitable estoppel." *Gitter v. Tennessee Farmers Mut. Ins. Co.*, 450 S.W.2d 780, 783 (Tenn. App.1969) (*citing Provident Washington Ins. Co. v. Reese*, 213 Tenn. 355, 373 S.W.2d 613 (1963)).

We conclude, as a matter of law, that the Robinsons did not rely upon the conduct of TFMIC and did not base their subsequent actions upon such conduct so as to change their position prejudicially. Accordingly, we hold that the trial court erred in granting Appellees' motion for summary judgment on the ground that TFMIC is estopped to deny the Robinsons continuous coverage.

We now consider the issue raised as to whether the trial court correctly granted summary judgment to Appellees on the ground that TFMIC accepted a counteroffer. A review of the record leads us to conclude that the trial judge did not base his decision, either all or in part, on the ground that TFMIC accepted a counteroffer. Apparently, this issue refers to the fact that Ms. Howell accepted the premium payment from Mr. Robinson on Monday, January 6. In his findings, however, the trial judge specifically stated that, "[t]he court further finds as ... grounds for *the court's finding of estoppel and waiver ...* that Mr. Robinson came in on Monday.... Mr. Robinson ... delivered to ... [TFMIC], the precise premium amount...." (Emphasis ours.) It is clear that the trial judge's ruling on this matter is based solely on his finding of estoppel. We find this issue to be without merit.

■ Appellees contend that the trial court erred in ruling that T.C.A. §§ 1–3–102[6] and 56–7–1102[7] et seq. do not apply to extend the Robinson's right to accept continuous coverage to January 6, 1986. Appellees rely, in particular, upon *Flowers v. Provident Life & Accident Ins. Co.*, 713 S.W.2d 69 (Tenn.1986) and *Carefree Vacations, Inc. v. Brunner*, 615 F.Supp. 211 (W.D.Tenn.1985). *Flowers* held that the

5. Mrs. Robinson testified in her deposition as follows:

Q: And you understood ... that your coverage would lapse on December the 21st, 1985, if you didn't pay the premium?

A: Within the fifteen day grace period.

. . . . .

Q: But [the Final Notice] gave you until January the 4th of 1986 to pay [the premium]?

A: Yes sir.

6. **Computation of time.**—The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

7. **Automobile liability insurance—Noncancellable and guaranteed renewable policies.**—(a) Any insurer, licensed to write automobile liability insurance in this state, may issue a noncancellable and guaranteed renewable automobile liability insurance policy, which policy shall not be cancelled by the insurer and may be renewed at the option of the insured for so long as:

(1) The insurer remains licensed to write automobile liability insurance in this state;

(2) The insured and all other operators of the insured motor vehicle maintain valid operator's licenses;

(3) All premiums, premium balances and renewal premiums are paid when due; and

(4) Insured motor vehicle is used for any purpose for which the insurer has a valid rate approved by the commissioner.

(b) If membership in any organization is a prerequisite for the issuance of all policies by an insurer, then such insurer may require active membership and continuation of active membership for the issuance of any such policy or renewal of such policy issued by such insurer.

(c) Any insurer who issues an automobile liability insurance policy with noncancellable and/or guaranteed renewable restrictions, using rates or rating plans filed with and approved by the commissioner, may not be bound by such restrictions if, subsequently, any rates or rating plans which have been filed for the specific use of such policies, are rejected by the commissioner.

computation of time statute extended the grace period under a life insurance contract to Monday following Sunday, the last day of the grace period. *Flowers*, 713 S.W.2d at 72. *Carefree* involved a lease purchase agreement with a sixty day buy-back period. *Carefree*, 615 F.Supp. at 213. The sixty day period ended on a Saturday. On the following Monday, the plaintiff tendered payment under the option to purchase. *Id. Carefree* held that the computation of time statute applied to extend the plaintiff's option. *Id.* at 216.

We believe *Matheny v. Tennessee Farmers Ins. Co.*, No. 02A01–9111–CD–00260, 1992 WL 54207 (Tenn.Ct.App. filed March 23, 1992) governs our decision in the instant case. *Matheny* addressed the line of cases applying the computation of time statute, including *Flowers*, when dealing with a grace period. *Matheny* held that there was a "distinction between a grace period contained in a contract and a situation where the policy had lapsed for nonpayment of premium and the insurer had extended an offer to renew coverage upon certain conditions being met." *Matheny*, slip op. at 2. *Matheny* concluded that the latter situation "involved not payment within a time fixed by contract, but the acceptance of an offer in accordance with its terms." *Id.* (*citing Tennessee Farmers Mutual Ins. Co. v. Brown*, No. 82–336–II (Tenn.Ct.App. filed August 12, 1983)).

In the instant case, we are not confronted with a "grace period," as in *Flowers*, or "payment within a time fixed by contract," as in *Carefree*. Consequently, we find *Matheny* controlling and hold that the trial court did not err in ruling that T.C.A. §§ 1–3–102 and 56–7–1102 et seq. do not apply to extend the Robinsons' right to accept continuous coverage.

■ We now consider whether the trial court erred in failing to grant summary judgment to TFMIC because it did not afford automobile liability insurance coverage to the Robinsons on January 3, 1986. In view of our finding that all elements essential to an "equitable estoppel" were not established, we are persuaded that this Court's decision in *Matheny* is controlling.

In *Matheny*, on February 23, 1990, the insurer sent a final notice (identical to the one sent the Robinsons, except for the differing dates) to insured that her policy had lapsed as of February 18, 1990 for failure to pay the premium. The notice provided that the insured could reinstate the policy with continuous coverage if payment was made by March 4, 1990. On March 3, 1990, the insured's vehicle was stolen. The insurer received a premium payment on March 6, 1990 through the mail, with the envelope postmarked March 5, 1990. *Matheny*, slip op. at 1. There, the insured argued that because March 4 fell on a Sunday, the time for payment should have been extended to Monday. In refuting the insured's argument, *Matheny* held:

In *Dobson and Johnson v. Waldron*, 47 Tenn.App. 121, 336 S.W.2d 313 (1960), this Court said:

"It is to be remembered that the offeror can specify when and how he shall be notified of acceptance by the offeree."

The rule is stated in 17 C.J.S. Contracts § 42, p. 674, 676, 677, 678, as follows:

"The rule, as stated in Corpus Juris, which has been quoted and cited with approval, is that the offeror has a right to prescribe in his offer any conditions as to time, place, quantity, mode of acceptance, or other matters which it may please him to insert in and make a part thereof, and the acceptance, to conclude the agreement, must in every respect meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand, and, in the absence of such an acceptance, subsequent words or acts of the parties cannot create a contract.

The provisions of the offer as to the time, place, and manner or mode or acceptance must be complied with. . . .

. . . . where the offer specifies a time of acceptance, an acceptance after that

time will be nugatory as an acceptance....

.     .     .     .     .

... No authority is cited or found which extends the time for acceptance of an offer because the time of acceptance terminates on Saturday or Sunday."

*Matheny*, slip op. at 3 (quoting *Tennessee Farmers Mut. Ins. Co. v. Brown*, No. 82–336–II (Tenn.Ct.App. filed August 12, 1983)).

We conclude that the Robinsons had until January 4 to accept TFMIC's gratuitous offer regardless of the fact that January 4 was a Saturday. The Robinsons' premium payment on January 6 failed to meet and correspond in every respect with the offer and did not create a contract.

■ When determining whether a genuine issue of fact exists in a summary judgment case, this Court must look to all the evidence, take the strongest legitimate view of it in favor of the opponent of the motion and, allowing all reasonable inferences from it in his favor, discard all countervailing evidence. "If then there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied." *Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn.App.1990). In the instant case, we are convinced that no dispute exists as to any material fact. The parties stipulated that, according to the Final Notice, the Robinsons had until January 4, 1986 to accept TFMIC's offer to reinstate continuous coverage by paying the premium. The parties stipulated that the premium was not paid on January 4, but on January 6, 1986. We hold, as a matter of law, that the Robinsons' right to accept did not extend until January 6. The parties also stipulated as to the representations of TFMIC's agent, Ms. Howell. The record reveals no dispute as to her statements or conduct. We hold, as a matter of law, that TFMIC was not estopped to deny the Robinsons continuous coverage because of Ms. Howell's representations, in the absence of reliance by the Robinsons on them. Accordingly, we hold that the trial court erred in failing to grant summary judgment in favor of TFMIC.

The judgment of the trial court is reversed and this cause remanded for further proceedings consistent with this opinion. Costs are taxed to Appellees for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.