**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**
----------------------------------------------------------------------

**FILED**

**March 5, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| TINA HARVEY et ux, | ) | HAMILTON CIRCUIT |
| | ) | |
| Plaintiffs/Appellants | ) | No. 03A01-9512-CV-00452 |
| | ) | |
| v. | ) | |
| | ) | |
| GENETH WOLFER, D.O., | ) | REVERSED AND REMANDED |
| | ) | |
| Defendant/Appellee | ) | |

Selma Cash Paty, Chattanooga, For the Appellant

David E. Harrison and Tonya Kennedy McIntosh, Chattanooga, For the Appellee

## O P I N I O N

INMAN, Senior Judge

### I

Initially, this action was one for damages for the alleged medical malpractice of the defendant in dropping the plaintiff Tina Harvey or preventing her from falling and fracturing her ankle after an injection which may have caused numbness in her legs.

The defendant filed her answer insisting that she exercised a degree of care commensurate with that exercised by other osteopathic physicians in Chattanooga and thus was entitled to the defenses provided by TENN. CODE ANN. § 29-26-101 *et seq.*, the Medical Malpractice Review Board and Claims Act.

Whereupon, the plaintiffs were allowed to amend their complaint to allege that the defendant was negligent in the manner in which Tina Harvey was moved from the examination table which resulted in her being dropped.

The defendant moved for summary judgment, supported by her affidavit that

"all actions taken by me to Mrs. Harvey were appropriate and proper and in full conformity with the applicable standard of care for my profession." The plaintiffs filed no countervailing affidavit by an expert medical witness, relying instead on the testimony of the defendant that, following an injection, Mrs. Harvey became nauseous and experienced numbness in her legs while sitting on an examination table. A wheelchair was provided for Mrs. Harvey because a gurney was too large for the room. But Mrs. Harvey never made it to the wheelchair. She began to fall forward and the defendant, with an assistant, "sat her on the floor." During this time interval, Mrs. Harvey's legs were numb, and the defendant testified "when she did a twisting motion her foot got twisted under her," resulting in a fractured ankle.

The plaintiff Tina Harvey testified that "they either let go or dropped me."

Because the plaintiff filed no affidavit which countervailed that of the defendant, the trial judge was of the opinion that the motion of the defendant for summary judgment was well taken. The complaint was thereupon dismissed, the propriety of which is presented for review.

## II

If this case was simply one for damages for medical malpractice, we would readily agree with the trial judge and affirm the judgment at this juncture. But in our opinion, the facts sound more in common law negligence than medical malpractice, and the case of *Graniger v. Methodist Hospital Healthcare System, Inc.*, No. 02A01-9309-CV-00201 (filed at Jackson, September 9, 1994), relied upon by the defendant, is inapposite. Mrs. Graniger made no complaint of weakness in her legs, which were swollen. She was left unattended in the examination room and, when she attempted to alight from the table, she fell and suffered fractures. She charged the defendants with malpractice and common law negligence, but submitted no countervailing affidavit on the issue of malpractice. Her insistence upon appeal centered upon the issue of common-law negligence. The *Graniger* court held that the distinction between ordinary negligence and malpractice turns on whether the

acts or omissions complained of involve a matter of medical science or require specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of fact. The Court continued that expert medical testimony was necessary as to whether the plaintiff's condition necessitated assistance.

In the case at bar, the defendant admits that Mrs. Harvey needed assistance and was actively assisting her when the fracture occurred. From the perspective of the defendant, Mrs. Harvey's fractured ankle occurred when her numb leg "got twisted under her" notwithstanding that she was under the complete control of the defendant at the time. From the perspective of the plaintiff, her ankle was fractured when the plaintiff and his assistant "dropped her." The plaintiff is of short stature and normal weight; the defendant is a large person. Her assistant's dimensions are not in the record.

### III

A Rule 56 motion requires a court to determine whether there exists any genuine issue of a disputed material fact. To do this, we look to all the evidence, take the strongest legitimate view of it favorably to the opponent of the motion, discard all countervailing evidence and recognize that summary proceedings are not substitutes for trials. *Robinson v. Tenn. Farmers Mut. Ins. Co.*, 857 S.W.2d 559, 566 (Tenn. App. 1993). We cannot weigh the evidence and must proceed in the light most favorable to the non-moving party. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). If there is a genuine doubt as to the conclusions to be drawn from the facts, the case should be tried on its merits.

Against these settled principles, there can be no doubt that summary judgment was inappropriate. The plaintiff testified that the defendant dropped her, an act not implicative of medical science and, one that may be assessed on the basis of common experience.

Whether Mrs. Harvey's injury was sustained as a result of the ordinary

negligence of the defendant is a disputed issue of fact, *see Brooks v. Memphis and Shelby County Hospital Authority*, 717 S.W.2d 292 (Tenn. 1986), for resolution by a trier of fact pursuant to *McIntyre* principles.

The judgment is reversed and the case is remanded for trial, with costs assessed to the appellee.

_____
William H. Inman, Senior Judge

Concur:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge