IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2024 Session

IN RE ESTATE OF DONALD PATRICK BURNS

**Appeal from the Chancery Court for Bedford County**
**No. 34687     J. B. Cox, Chancellor**

_____

**No. M2024-00177-COA-R3-CV**

_____

A decedent's stepchildren filed a complaint contesting ownership of a portion of his twenty-acre property. They asserted theories of adverse possession, express oral trust, and breach of contract. The trial court dismissed the complaint. Because we conclude that the allegations of an express oral trust and breach of contract are sufficient to overcome a motion to dismiss, we reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and KENNY ARMSTRONG, J., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellants, Debbie Morsman and Michael Scott.

W. Andrew Bobo, Shelbyville, Tennessee, for the appellee, Harold Burns, as Administrator for the Estate of Donald Patrick Burns.

**OPINION**

**I.**

Donald Burns had one biological child, Harold Burns, and two stepchildren, Michael Scott and Debbie Morsman. After Donald Burns died, his two stepchildren filed a complaint against Harold Burns, as administrator of Donald Burns' estate, contesting ownership of a portion of the decedent's real property.

According to the complaint, the decedent and his wife promised Mr. Scott that they would give him a lot encompassing approximately one-fourth of the twenty-acre property if he helped them clear and build on the land. They also promised that they would hold the remaining property to be distributed equally at their deaths to Mr. Scott, Ms. Morsman, and Mr. Harold Burns. In reliance on these promises, Mr. Scott helped clear the land. He also lived on his one-fourth of the property, "openly claiming it as his own and even paying taxes thereon, for almost thirty years." Yet the decedent never conveyed any portion of the tract to his stepchildren by deed or will. He died intestate, his wife having predeceased him.

The stepchildren filed a complaint, seeking relief under three legal theories. First, they requested a declaratory judgment recognizing Mr. Scott's ownership of one-fourth of the land based on common law adverse possession. Second, both stepchildren alleged that they held title to three-fourths of the land as the beneficiaries of an express oral trust. Third, both stepchildren alleged that the decedent breached an oral contract to convey three-fourths of the land to them in exchange for Mr. Scott's assistance clearing and occupying the land.

The administrator of the estate moved to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* TENN. R. CIV. P. 12.02(6). The trial court agreed that Mr. Scott's adverse possession claim failed because his possession of the land was neither adverse nor exclusive. And it concluded that the stepchildren could not maintain their claims for an oral trust or breach of oral contract based on the statute of frauds. *See* Tenn. Code Ann. § 29-2-101(a)(4)-(5) (2024). So it dismissed the complaint.

**II.**

On appeal, the stepchildren allege that the trial court erred in dismissing the complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. *See* TENN. R. CIV. P. 12.02(6). A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* It does not challenge the strength of the plaintiffs' proof or evidence. *Id.*

On a Rule 12.02(6) motion, courts must "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed "unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Making such a determination presents a question of law, which we review de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn.1997)).

2

A.

The complaint's first count sought a declaratory judgment that Mr. Scott had acquired title to the lot on which he was living by adverse possession. "Adverse possession is the possession of real property of another which is inconsistent with the rights of the true owner." *Wilson v. Price*, 195 S.W.3d 661, 666 (Tenn. Ct. App. 2005). When all elements of the doctrine are present, adverse possession may "create an actual ownership interest." *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 376 (Tenn. 2007) (citing 10 *Thompson on Real Property* § 87.01, at 73-74 (David A. Thomas ed., 1994)). In Tennessee, common law adverse possession is based on the premise that, "where one has remained in uninterrupted and continuous possession of land for 20 years, a grant or deed will be presumed." *Id.* at 376-77. A claimant seeking to establish adverse possession must prove that he maintained "exclusive, actual, adverse, continuous, open, and notorious" possession of the property for the requisite time period. *Id.*

Here, the trial court concluded that Mr. Scott's adverse possession claim failed because his possession of the lot was neither adverse nor exclusive. In the court's view, the complaint "acknowledge[d] that [Mr. Scott's] possession was permissive" because it included language demonstrating that "[t]he decedent and his wife allowed [Mr. Scott's] possession." *See Wilson*, 195 S.W.3d at 668 (explaining that possession "that might otherwise appear hostile" is not adverse "if carried out with the permission of the legal title holder"). They "stated contingencies" for his continued possession. And the decedent, his wife, and Mr. Scott all lived on parts of the property at the same time.

The Tennessee Supreme Court recently analyzed the meaning of adversity for purposes of adverse possession in *Mathes v. 99 Hermitage, LLC*, 696 S.W.3d 542 (Tenn. 2024).[1] It explained that "adversity," for this purpose, "requires either a conflict of title or a controversy about the right to possess the property." *Mathes*, 696 S.W.3d at 546. Where possession is "consistent with, or subordinate to, the title of another, there can be no confl[i]ct of title . . . ." *Id.* at 553 (quoting *Story v. Saunders*, 27 Tenn. (8 Hum.) 663, 669-70 (1848)).

Here, Mr. Scott's actions as alleged in the complaint were consistent with the decedent's ownership rights in the property. Mr. Scott cleared the land with the decedent's permission. And he lived on his allotted area with the decedent's permission. The stepchildren also claimed that Mr. Scott paid taxes on at least some part of the property, but, notably, in Tennessee, payment of taxes is not inconsistent with another's ownership rights. *See Logan v. Est. of Cannon*, 602 S.W.3d 363, 387 (Tenn. Ct. App. 2019)

---

[1] The couple in *Mathes* alleged both statutory and common law adverse possession, whereas the present case deals only with common law adverse possession. *Mathes*, 696 S.W.3d at 550.

(recognizing that the "payment of property taxes does not establish adverse possession"); *Bone v. Loggins*, 652 S.W.2d 758, 760 (Tenn. Ct. App. 1982) (noting that "payment of taxes merely shows an intention to claim the land, it is not evidence of adverse possession").

This leaves Mr. Scott's assertion that he openly claimed the lot as his own. The stepchildren maintain that this establishes a conflict of title because it demonstrates that Mr. Scott occupied the lot "under a claim of right" rather than "with permission." But Tennessee courts have typically required something more than a claimant's bare statement that they believed they owned property to establish a conflict of title. The acts relied on for a claim of adversity "must be of such a character as to leave no doubt of the claim of ownership by adverse possession and to give notice to the public of the possession and the claim." *Cooke v. Smith*, 721 S.W.2d 251, 254 (Tenn. Ct. App. 1986). *Cf. Cumulus Broad.*, 226 S.W.3d at 376-77 (explaining that color of title is not required). There is no allegation of such an act. Construing the complaint liberally and giving the stepchildren the benefit of all reasonable inferences leads to the conclusion that Mr. Scott's possession was permissive, not adverse.

The stepchildren also complain that the court erred in concluding that Mr. Scott's possession was not exclusive based on Mr. Scott living on the property with the decedent and decedent's wife. The complaint does not allege that Mr. Scott possessed the entire property; instead, it alleges that he possessed only his "allotted area." The decedent and his wife lived elsewhere on the property. *See Logan*, 602 S.W.3d at 383-84 (holding that a claimant adversely possessed a one-quarter interest in a property when he held himself out as the owner of only that amount). While we might agree with the stepchildren on this point, we need not reach this question because the alleged facts show a lack of adversity. *See* TENN. R. APP. P. 36(b).

B.

The complaint's second and third counts asserted claims that the decedent created an express oral trust or, in the alternative, breached an oral contract with the stepchildren. The trial court dismissed both claims, citing the statute of frauds. Under Tennessee's statute of frauds, contracts for the sale of land must be in writing. *See* Tenn. Code Ann. § 29-2-101(a)(4).

The statute of frauds does not prohibit creation of an oral trust. *See id.* § 35-15-407 (2021). Our supreme court has previously recognized that "a trust may rest upon [an oral] agreement where the declaration of trust was made prior to or contemporaneous with a transfer, either by deed or by will, of an interest in realty." *Sanderson v. Milligan*, 585 S.W.2d 573, 574 (Tenn. 1979). Here the complaint is unclear as to when the alleged oral trust was created. Still, giving the plaintiffs "the benefit of all reasonable inferences," we

4

conclude that the stepchildren have pled this claim sufficiently to survive the motion to dismiss. *See Trau-Med.*, 71 S.W.3d at 696.

As for the breach of contract claim, the stepchildren contend that the doctrines of partial performance and equitable estoppel render the statute of frauds inapplicable. Tennessee courts have long held that partial performance of an oral contract for the sale of land "will not take the agreement out of the statute of frauds." *Baliles v. Cities Serv. Co.*, 578 S.W.2d 621, 624 (Tenn. 1979) (citing *Goodloe v. Goodloe*, 92 S.W. 767 (1906)). So the trial court did not err in rejecting this argument below.

The doctrine of equitable estoppel mitigates the "harshness" of the partial performance rule. *Id.* Equitable estoppel may apply "in exceptional cases where to enforce the statute of frauds would make it an instrument of hardship and oppression, verging on actual fraud." *Id.* To establish equitable estoppel, a claimant must prove that the party to be estopped engaged in conduct amounting to a false representation or concealment of material facts, expected that the claimant would act upon that conduct, and had knowledge of the real facts. *Roach v. Renfro*, 989 S.W.2d 335, 339 (Tenn. Ct. App. 1998) (citing *Robinson v. Tennessee Farmers Mut. Ins. Co.,* 857 S.W.2d 559, 563 (Tenn. App. 1993)). The claimant must also show that they had a lack of knowledge and of means of knowledge of the truth, relied upon the conduct of the party estopped, and took action that caused prejudice to their own position. *Id.*

The complaint alleges that the decedent promised his stepchildren "that they would inherit three out of four lots on the[] property, provided only that [Mr.] Scott assist with clearing and occupying the land." And, in response to that promise, Mr. Scott cleared the land, lived on his lot, and paid taxes on it for approximately thirty years. We conclude those allegations are sufficient to raise the possibility that equitable estoppel may apply and, thus, to survive a motion to dismiss. *See Sundquist*, 2 S.W.3d at 922.

## III.

Construing the complaint liberally, presuming all factual allegations to be true, and giving the stepchildren the benefit of all reasonable inferences, we conclude that the complaint has stated a claim for express oral trust and breach of contract. But the complaint fails to sufficiently plead an adverse possession claim. So that claim was properly dismissed. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

5