**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2037-22

MARLINE ROMHEM and
IBRAHIM MIRKHAN,

     Plaintiffs-Appellants,

v.

FRANKLIN MUTUAL
INSURANCE, INC.,

     Defendant-Respondent.

_____

Submitted April 10, 2024 – Decided April 25, 2024

Before Judges Susswein and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5056-22.

Dunne, Dunne & Cohen, LLC, attorneys for appellants (Frederick Richard Dunne III, on the briefs).

Methfessel & Werbel, attorneys for respondent (Richard A. Nelke and Sarah E. Shepp, on the brief).

PER CURIAM

Plaintiffs Marline Romhen and Ibrahim Mirkhan appeal from a January 26, 2023 Law Division order granting summary judgment in favor of defendant Franklin Mutual Insurance Company (FMI).[1] The sole issue before us is whether the complaint initiating the lawsuit was filed within the one-year "shortened suit clause" of the insurance policy. Plaintiffs filed their suit on a Monday. The trial court ruled the suit had to be filed on or before the preceding Saturday, and thus held the complaint was untimely filed. Applying a de novo standard of review, we interpret the insurance policy under prevailing decisional law as a contract construed in favor of the policyholder and reverse.

The pertinent facts need only be briefly recounted. On March 30, 2021, a theft occurred at plaintiffs' insured residence. Plaintiffs reported the loss on April 1, 2021 and a claim number was issued. FMI denied the claim by letter dated September 17, 2021. The letter states in pertinent part: "[t]herefore, you must file any suit against us within twelve (12) months of the date of this letter." Plaintiffs filed their complaint electronically on Monday, September 19, 2022. FMI argued, and the trial court held, the complaint needed to be filed on or before Saturday, September 17, 2022, and thus was two days late. This appeal follows.

---

[1] FMI was improperly pled as Franklin Mutual Insurance, Inc.

A-2037-22

We begin our analysis by acknowledging the governing legal principles. We review the trial court's grant of summary judgment de novo. Conforti v. Cnty. of Ocean, 255 N.J. 142, 162 (2023). Employing the same standard as the trial court, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiffs, as the non-moving party, nonetheless entitle plaintiffs to judgment as a matter of law. See Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c). We owe no deference to the trial court's legal analysis or interpretation of a statute. Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017).

When engaging in an interpretation of an insurance policy, the policy should be construed in accordance with its "plain and ordinary meaning." Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 272-73 (2001). "If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased." President v. Jenkins, 180 N.J. 550, 562 (2004).

However, because insurance policies are contracts of adhesion, if any ambiguity exists, the ambiguity must be construed so as to effect the "reasonable

expectations of the insured." Villa v. Short, 195 N.J. 15, 23 (2008) (quoting Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001)). "That is, if the policy language 'fairly supports two meanings, one that favors the insurer, and the other that favors the insured, the policy should be construed to sustain coverage.'" Ibid. (quoting President, 180 N.J. at 563).

Our Court Rules, from their inception, have been understood as "a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits." Ragusa v. Lau, 119 N.J. 276, 284 (1990) (quoting Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951)). As a result, the Supreme Court has recognized a "strong preference for adjudication on the merits rather than final disposition for procedural reasons." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001) (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000)).

Before the trial court and again on appeal, plaintiffs rely principally on Rule 1:3-1, which provides:

> In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday. In computing a period of time of less than

4

[seven] days, Saturday, Sunday and legal holidays shall
be excluded.

The trial court reasoned this rule does not apply to the present circumstances because the relevant period of time is not fixed by rule or court order, but rather by the terms of a contract between the parties. We agree with the trial court that Rule 1:3-1 does not apply in the present matter.

It is not disputed the parties agreed to an abbreviated deadline, commonly referred to as a "shortened suit clause," as compared to the six-year statute of limitations that generally applies in civil cases. See N.J.S.A. 2A:14-1(a).[2] The shortened suit clause endorsement to the insurance policy reads:

> No action may be brought against us until all conditions in this policy are complied with, and unless brought within [twelve] months after our denial of either the entire claim or that part of the claim in dispute (where we pay part of the claim, but deny payment on the remaining part).
>
> [(Emphasis in the original).]

Plainly, nothing in the policy language expressly authorizes a weekend or holiday extension of the filing deadline comparable to the one set forth in Rule

---

[2] N.J.S.A. 2A:14-1(a) provides in pertinent part, "[e]very action at law . . . for recovery upon a contractual claim or liability . . . shall be commenced within six years next after the cause of any such action shall have accrued."

1:3-1. Nor does the contract expressly preclude an extension to the next business day when the one-year deadline expires on a holiday or weekend. The endorsement, in other words, is silent as to the next-business-day principle.

We strive to interpret contracts in accordance with the intent of the parties. See Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) ("As a general rule, courts should enforce contracts as the parties intended."). But nothing in the plain text of the policy or the record before us sheds light on the parties' intention with respect to the specific question of whether the lawsuit filing deadline can expire on a weekend.

We find helpful guidance in the general principle that ambiguities in a contract between parties with unequal power should be construed against a corporation that drafted language capable of different interpretations. In Vuarnet Footwear, Inc. v. Sea-Rail Services Corp., for example, we recognized,

> it is a fundamental premise in this jurisdiction that insurance policies, as contracts of adhesion, are required to be construed in order to meet the insured's reasonable expectations. Hence ambiguous provisions are to be construed liberally in favor of the insured, and exclusions from and exceptions to coverage are to be strictly construed against the insurer. See, e.g., Gibson v. Callaghan, 158 N.J. 662, 671 (1999); United Serv. Auto. Ass'n v. Turck, 156 N.J. 480, 492-93 (1998); American Motorists Ins. Co. v. L-C-A Sales Co., 155 N.J. 29, 41 (1998).

6

[334 N.J. Super. 442, 450 (App. Div. 2000).]

In Vuarnet, we addressed the computation of a thirty-day window in an insurance contract. Id. at 448. The plaintiff argued the window "should exclude weekends, contending that when the last day of an insured period falls on a non-business day, the coverage is extended to the next following business day." Id. at 453. We noted,

> [t]here is some support in this jurisdiction for the proposition that when the last day of a time period specified by a policy of insurance falls on a non-business day, the period is extended until the next business day. See, e.g., Bohles v. Prudential [Ins.] Co., 84 N.J.L. 315, 316 (so holding in respect of the grace period in a life insurance policy). And see Guardian Life Ins[.] Co[.] v. Goduti-Moore, et al., 229 F.3d 212 (3d Cir. 2000), construing both New Jersey law and New York law, which it concluded were the same on the subject, and holding that where a contractual time period within which an act must be performed falls on a Saturday or Sunday, the time is extended by operation of law until the next business day.
>
> [Id. at 454.]

We add that if FMI wanted to ensure strict adherence to a one-year deadline with no exceptions or extensions for weekends, it could have said so explicitly in the endorsement it drafted. So too, FMI in its denial-of-coverage letter could have specified the exact date when the deadline for filing a lawsuit would expire. That would have left no doubt as to its interpretation of the policy

7

clause reproduced in the letter, and would have provided clear notice of the last day on which a lawsuit could be filed. Instead, the denial letter left it for the policyholders to compute the one-year deadline based on the date at the top of the first page of the letter. Furthermore, the letter made no reference to the fact that in this instance, the one-year anniversary fell on a Saturday.

We acknowledge plaintiffs' complaint was filed electronically and that Rule 1:30-1 provides, "[t]he courts shall be deemed always open for filing any proper paper, the issuance and return of process, the making of motions, the entering of orders and judgments, and the transaction of all judicial business." Even so, applying a liberal interpretation of the shortened suit clause in the policyholder's favor, see Villa, 195 N.J. at 23, coupled with the general preference to hear cases on their merits rather than dismiss them based on strict enforcement of procedural rules, see Galik, 167 N.J. at 356, we deem the lawsuit challenging FMI's denial of coverage filed on Monday, September 19, 2022 as timely under the shortened suit clause endorsement.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2037-22